William Jeffrey McDONOUGH,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. A03–876.

Supreme Court of Minnesota.

Feb. 19, 2004.

William Jeffrey McDonough, pro se, Bayport, for appellant.

Mike Hatch, Attorney General, Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Asst. Ramsey County Attorney, St. Paul, for respondent.

## OPINION

MEYER, Justice.

Appellant William Jeffrey McDonough challenges the postconviction court's denial of a hearing on his amended petition for postconviction relief. We affirm the postconviction court.

On April 17, 2000, a jury found McDonough guilty of the first-degree murder of Reginald Rogers and the attempted first-degree murder of Steven Crenshaw. He was sentenced to life imprisonment for the first-degree murder and 180 months imprisonment for the attempted first-degree murder, to be served consecutively. The facts of the murder, attempted murder, and subsequent jury trial are set forth in detail in *State v. McDonough*, 631 N.W.2d 373, 379–83 (Minn.2001), and need not be revisited here.

McDonough appealed his convictions. Of the numerous arguments McDonough made in his direct appeal, two are relevant to the instant case: first, the district court erred by not dismissing the indictment; and, second, the evidence was insufficient

to support the jury's verdicts. *Id.* at 386–87, 389–90. We affirmed his convictions.[1] *Id.* at 391.

On September 12, 2002, McDonough filed a petition for postconviction relief and raised numerous issues including a claim that evidence was withheld before the grand jury and a claim that he received ineffective assistance of trial and appellate counsel. On January 31, 2003, the postconviction court denied McDonough's request for an evidentiary hearing and denied his motion for postconviction relief. McDonough did not appeal the denial of this petition.

On April 7, 2003, McDonough filed a second petition for postconviction relief.[2] In that petition, McDonough raised three issues: (1) that he is actually innocent (in other words the evidence was insufficient to sustain a conviction); (2) that he received ineffective assistance of appellate counsel on direct appeal because appellate counsel "would not challenge the ineffective assistance of trial counsel on postconviction, instead of taking the direct appeal"; and (3) that exculpatory evidence was withheld from the grand jury. The postconviction court denied the petition without a hearing. On appeal to this court, McDonough contends that the postconviction court erred because it denied his request for an evidentiary hearing and it denied relief on his ineffective assistance of appellate counsel claim.

■ The issue we must consider is whether the postconviction court abused its discretion in summarily denying McDonough's petition for postconviction relief. "On appeal from a summary denial of postconviction relief, we examine whether sufficient evidence exists to support the postconviction court's findings and will reverse those findings only upon proof that the postconviction court abused its discretion." *Ives v. State,* 655 N.W.2d 633, 635 (Minn.2003).

■ A postconviction court must grant a hearing on a motion for postconviction relief "unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2002). However, a postconviction court "may summarily deny a petition when the issues raised in it have previously been decided by the court of appeals or the supreme court in the same case." *Id.,* subd. 3. Additionally, once a direct appeal has been taken "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). We have recognized several instances when *Knaffla* will not bar a claim that was previously raised or should have been raised. A postconviction court may consider a claim that was known but was not raised on direct appeal if the claim is so novel that its legal basis was not reasonably available at the time of the direct appeal, or if the interests of justice require relief. *Ives,* 655 N.W.2d at 636. A postconviction court also may consider an ineffective assistance of counsel claim if the claim requires additional fact finding by the court. *Id.*

■ In his amended petition, McDonough makes unsupported claims that the evidence was insufficient to convict (he is innocent), and exculpatory evidence was

1. We did hold that McDonough's right to an attorney during custodial interrogation was violated but that the error was harmless. *McDonough,* 631 N.W.2d at 383–84.

2. McDonough characterized the petition as an "amended" petition for postconviction relief. However, we will treat the petition as a second petition for postconviction relief.

withheld from the grand jury. McDonough raised both of these issues on direct appeal and we decided both issues adversely to him. *McDonough,* 631 N.W.2d at 386–87, 390. Therefore, we hold the postconviction court did not abuse its discretion in denying a hearing on these claims because the claims had previously been decided by this court in the same case. Minn.Stat. § 590.04, subd. 3; *see also Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741.

■ The other claim we must consider is McDonough's assertion that he received ineffective assistance of appellate counsel because appellate counsel failed to argue that trial counsel was ineffective. McDonough argues that the postconviction court erred in denying him a hearing and that a hearing is necessary in order to establish a factual basis for his claim.[3]

■ To establish ineffective assistance of appellate counsel a petitioner must demonstrate that appellate counsel's performance was objectively unreasonable and that the unreasonable performance prejudiced him. *Ives,* 655 N.W.2d at 637; *see also Strickland v. Washington,* 466 U.S. 668, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Additionally, to prevail on "an ineffective assistance of appellate counsel claim predicated on ineffective assistance of trial counsel, the petitioner must first prove that trial counsel was ineffective." *Doppler v. State,* 660 N.W.2d 797, 802 (Minn.2003).

■ In order to obtain an evidentiary hearing on an ineffective assistance of appellate counsel claim, a petitioner must make more than a general allegation of ineffectiveness. *Townsend v. State,* 582 N.W.2d 225, 229 (Minn.1998); *see also Hodgson v. State,* 540 N.W.2d 515, 518 (Minn.1995). A petitioner must allege facts "'which, if proved, would entitle [him] to the requested relief.'" *Townsend,* 582 N.W.2d at 229 (quoting *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990)). If a petitioner does not allege facts that if proved would entitle him to relief, a court may deny a petitioner a hearing if "the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1. Here, McDonough has not alleged any facts that, if proved, would entitle him to relief. Therefore, we hold the postconviction court did not abuse its discretion when it denied McDonough a hearing on his ineffective assistance of appellate counsel claim because the record demonstrates that McDonough is not entitled to relief.[4]

---

**3.** McDonough also asserts that *Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) overrules *Knaffla* and prohibits this court from denying a hearing on a petition for postconviction relief alleging ineffective assistance of counsel. This argument is wholly without merit. *Massaro* holds that in federal court an ineffective assistance of trial counsel claim may be brought in a collateral proceeding regardless of whether the claim was raised on appeal. *Id.* at ——, 123 S.Ct. at 1694. The rule in *Massaro* does not bind this court because the decision is not based on constitutional requirements; rather it is based on public policy concerns. *See id.*

**4.** The record does not suggest that either McDonough's trial counsel or appellate counsel

was ineffective. On direct appeal, the only claim of trial counsel error was an allegation that trial counsel failed to object to possible misconduct by the prosecutor. *McDonough,* 631 N.W.2d at 389. We declined to reach the merits of the claim because even if there had been prosecutorial misconduct, it would have amounted to harmless error due to the substantial evidence of McDonough's guilt. *Id.* Because any error was harmless, McDonough would have been unable to satisfy the prejudice prong of the *Strickland* test. *See Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *Ives,* 655 N.W.2d at 637. If McDonough's trial counsel was effective, then his appellate counsel could not have been ineffective for failing

McDonough's ineffective assistance of appellate counsel claim is also barred by *Knaffla. Knaffla* entitles a defendant "to one right of review by an appellate or postconviction court." *Doppler*, 660 N.W.2d at 802. McDonough raised the issue of ineffective assistance of appellate counsel in his first petition for postconviction relief and the postconviction court denied the claim. Additionally, none of the *Knaffla* exceptions are applicable to this case. Therefore, we hold that *Knaffla* bars McDonough's claim of ineffective assistance of appellate counsel in his amended petition for postconviction relief.

Affirmed.

to raise ineffective assistance of trial counsel.    *Doppler*, 660 N.W.2d at 802.