**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD AYALA,

      Petitioner-Appellant,

v.

RANDALL G. WORKMAN,

      Respondent-Appellee.

No. 04-6215

Western District of Oklahoma

(D.C. No. 04-CV-433-F)

**ORDER** [*]

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Richard Ayala, a state prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order which denied his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A). Because we conclude that Mr. Ayala has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA, and we dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

I.

In 1994, Mr. Ayala was convicted by jury in Oklahoma state court of two counts of first degree felony murder and one count of conspiracy to commit kidnaping and armed robbery. He was sentenced to two concurrent terms of life without parole on the murder counts, to run consecutively to a ninety-nine year term on the conspiracy count. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed Mr. Ayala's convictions on June 5, 1996.

Nearly seven years later, Mr. Ayala filed a *pro se* application for post-conviction relief in state district court, alleging he was denied effective assistance of counsel at trial. The court denied Mr. Ayala's application because he failed to raise his ineffective assistance claim on direct appeal. The OCCA affirmed on January 14, 2004.

In April 2004, Mr. Ayala filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma, again alleging ineffective assistance of trial counsel. The district judge referred Mr. Ayala's petition to a magistrate judge, who recommended it be dismissed as untimely. After reviewing Mr. Ayala's objections to the magistrate judge's report, the district judge adopted the magistrate judge's recommendations and dismissed Mr. Ayala's petition. Mr. Ayala then filed a motion to alter or amend judgment, which the district court denied. This appeal followed.

II.

Mr. Ayala raises four claims in his petition for a COA. First, he alleges the district court failed to review his objections to the magistrate judge's report and recommendation as 28 U.S.C. § 636(b)(1) requires. Second, he claims the district court abused its discretion when it denied his motion to alter or amend the judgment. Third, he asserts jurists of reason would find it debatable whether his habeas petition states a valid claim of the denial of a constitutional right. Finally, he alleges jurists of reason would find it debatable whether the district court's procedural ruling was correct.

A.

Mr. Ayala's first claim—that the district court failed to make a de novo review of his objections to the magistrate judge's report—is meritless. Under 28 U.S.C. § 636(b)(1), a district court judge must "make a de novo determination of those portions of the [magistrate judge's] report . . . or recommendations to which objection is made." "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996).

The district court's order expressly notes Mr. Ayala "has objected to the Report and the court considers the matter *de novo*." Doc. 12 at 1. The district

-3-

court adopted the magistrate judge's report and recommendation "after [a] careful study of [Mr. Ayala's] objections, the Report, the record, and the relevant legal authorities." *Id.* at 2. Because the district court complied with 28 U.S.C. § 636(b)(1), this allegation forms no basis for relief.

B.

We next address Mr. Ayala's claim that reasonable jurists would find it debatable whether the district court erred by dismissing his habeas petition on statute of limitations grounds. We conclude "jurists of reason would [not] find" this procedural ruling debatable, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and thus affirm.

Mr. Ayala, as a state prisoner, sought federal habeas relief under 28 U.S.C. § 2254. The one-year statute of limitations period that 28 U.S.C. § 2244(d)(1) imposes on § 2254 actions begins to run "from the latest of" these four triggering events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

-4-

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Mr. Ayala insists § 2244(d)(1)(C) applies, claiming the United States Supreme Court's holding in *Massaro v. United States*, 538 U.S. 500 (2003), "constitutes a 'newly recognized right' which did not exist at the time [his] conviction became final, and therefore, because [Mr. Ayala] filed his habeas petition within one year of the date of this decision, the petition was timely filed." Appellant's Br. at 16.d. We disagree.

Mr. Ayala bases his habeas petition on a claim of ineffective assistance of trial counsel. The Supreme Court recognized a criminal defendant's Sixth Amendment right to effective assistance of counsel several decades ago. *See, e.g.*, *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) ("It has long been recognized that the right to counsel is the right to the effective assistance of counsel."). Twenty years ago, the Court announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), that an accused was deprived of this right only if "counsel's performance was deficient" and "the deficient performance prejudiced the defense."

Contrary to Mr. Ayala's claim, *Massaro* did not alter or clarify *Strickland's* ineffective assistance of counsel standard. *Massaro* addressed whether the

"procedural default rule" that "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" applied to a federal prisoner's ineffective assistance claims. 538 U.S. at 504. The Court found this appeal-it-or-lose-it rule, which "is neither a statutory nor a constitutional requirement," did not apply to a federal inmate's ineffective assistance claims; instead, the "better-reasoned approach is to permit ineffective-assistance claims to be brought in the first instance in a timely motion in the district court under § 2255." *Id.* Simply put, *Massaro* addressed *when* and *in what forum* federal inmates may raise ineffective assistance claims, not *what* an inmate must prove to substantiate them. Accordingly, *Massaro* announces a federal procedural rule, not a "newly recognized" constitutional right. *See also Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003) ("*Massaro* is not a constitutional decision, and by its own language it did not extend its rule beyond § 2255."); *Gomez v. Jaimet*, 350 F.3d 673, 678 (7th Cir. 2003) ("[T]he holding of *Massaro* is not legally binding on states. *Massaro* was not a constitutional decision."); *McDonough v. State*, 675 N.W.2d 53, 56 n.3 (Minn. 2004) ("The rule in *Massaro* does not bind this court because the decision is not based on constitutional requirements; rather it is based on public policy concerns."). Thus, *Massaro* does not trigger a new one-year limitations period for Mr. Ayala under § 2244(d)(1)(C).

Mr. Ayala does not allege the State unlawfully prevented him from filing his petition, or that despite his due diligence, he could not have discovered the basis for his ineffective assistance claims any earlier than 2003. Thus, 28 U.S.C. § 2244(d)(1)(B) and (D) are inapplicable. That leaves 28 U.S.C. § 2244(d)(1)(A), which provides that a habeas petition is timely if it is filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* A conviction is "final" for purposes of this statute—and thus the one-year period begins to run—when, "following a decision by the state court of last resort . . . the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (internal quotation marks omitted).

The OCCA affirmed Mr. Ayala's convictions on direct appeal on June 5, 1996. Appellant's Br. at 15. He then had ninety days to file a certiorari petition with the United States Supreme Court. *See* 28 U.S.C. § 2101(c). When this period expired on September 3, 1996, Mr. Ayala's petition became "final" for purposes of § 2244(d)(1)(A). He then had one year to timely file a habeas petition. He commenced this action in April 2004, well outside the one-year period. Mr. Ayala's petition therefore was untimely as a matter of law. Thus,

Mr. Ayala has not demonstrated "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack*, 529 U.S. at 484, and he is not entitled to a COA under 28 U.S.C. § 2253(c)(2) based on the district court's procedural ruling.

C.

Because we affirm the disposition of Mr. Ayala's case on procedural grounds, we need not reach the merits of his substantive argument or his claim that the district court abused its discretion when it denied his motion to alter or amend judgment.

Accordingly, we **DENY** Richard Ayala's request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

PATRICK FISHER, Clerk