**William J. McDONOUGH,
petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A05–500.

Supreme Court of Minnesota.

Jan. 5, 2006.

William Jeffrey McDonough, Stillwater, MN, for Appellant.

Mike Hatch, Minnesota Attorney General, Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant Ramsey County Attorney, St. Paul, MN, for Respondent.

## OPINION

ANDERSON, PAUL H., Justice.

Petitioner William J. McDonough appeals from a summary denial of his third petition for postconviction relief alleging seven claims of error. We affirm the postconviction court's denial of McDonough's petition.

On April 17, 2000, petitioner William McDonough was convicted of first-degree murder and attempted first-degree murder and was sentenced to life imprisonment for the murder and a consecutive 180–month sentence for the attempt. Our opinion issued in response to McDonough's direct appeal provides a full statement of the facts in this case. *State v. McDonough*, 631 N.W.2d 373, 379–82 (Minn.2001) (*McDonough I* ). In his direct appeal, McDonough raised eight claims of error, but we affirmed his conviction. *Id.* at 379.

McDonough made eight additional claims of error in his first postconviction petition for relief, making the following arguments: (1) he was arrested without probable cause; (2) the search warrant was deficient; (3) his *Miranda* rights were violated; (4) the state committed prosecutorial misconduct; (5) the grand jury lacked jurisdiction; (6) his right to a speedy trial was violated; (7) he received

ineffective assistance of trial counsel; and (8) he received ineffective assistance of appellate counsel. The first postconviction court rejected all of McDonough's claims, determining that he had raised four of the claims in his direct appeal, that he should have known of three of the claims at the time of his direct appeal, and that he failed to explain the basis for his claim of ineffective assistance of appellate counsel. McDonough did not appeal the denial of this petition. *See McDonough v. State*, 675 N.W.2d 53, 55 (Minn.2004) (*McDonough II* ).

McDonough then filed a second petition for postconviction relief, raising three claims. The postconviction court denied relief, and McDonough appealed to this court. On the postconviction appeal, we concluded that in his direct appeal we had rejected two claims that were raised in this petition—that the evidence was insufficient and that his indictment was improper. *Id.* at 55–56. We also concluded that McDonough did not allege facts that if proved would have entitled him to relief on his third claim, ineffective assistance of appellate counsel. *Id.* at 56. We therefore affirmed the second postconviction court's denial of relief. *Id.* at 57.

In this, his third petition for postconviction relief, McDonough makes the following arguments: (1) the district court erred by allowing false and misleading statements to be made at trial; (2) the state engaged in prosecutorial misconduct when it used false or perjured testimony; (3) the grand jury lacked jurisdiction to issue the indictment; (4) the district court erred in providing jury instructions on the offenses; (5) the district court erred by failing to disclose that a jury question had been asked and answered; (6) he was denied his right to a speedy trial; and (7) he received ineffective assistance of trial counsel. In

denying this third petition for relief, the postconviction court determined that McDonough either had already raised the claims in a previous proceeding or should have known of the claims when he made his direct appeal. McDonough now appeals all of the issues raised in his third postconviction petition.

■■■ A defendant is permitted to seek postconviction relief "to vacate and set aside the judgment * * * or grant a new trial * * * or make other disposition as may be appropriate." Minn.Stat. § 590.01, subd. 1 (2004) (amended 2005). "Review of a postconviction proceeding is limited to determining 'whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion.'" *Zenanko v. State,* 688 N.W.2d 861, 864 (Minn.2004) (quoting *Sanders v. State,* 628 N.W.2d 597, 600 (Minn.2001)). A postconviction court "may summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case." Minn.Stat. § 590.04, subd. 3 (2004). "Additionally, once a direct appeal has been taken 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" *McDonough II,* 675 N.W.2d at 55 (quoting *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976)) (*Knaffla* rule).

There are two exceptions to the *Knaffla* rule: (1) if a novel legal issue is presented, or (2) if the interests of justice require review. The second exception may be applied if fairness requires it and the petitioner did not "deliberately and inexcusably" fail to raise the issue on direct appeal.

*Taylor v. State,* 691 N.W.2d 78, 79 (Minn. 2005) (citations omitted).

■■■ We have previously rejected, in somewhat different form, three of the claims that McDonough raises in his current postconviction appeal. His first two claims are that the district court erred in allowing, and the state committed misconduct in eliciting, the testimony of two officers regarding their understanding of his alibi witness's testimony. Both of these claims are recharacterizations of his previously rejected claims that the evidence was insufficient to sustain a conviction. *See McDonough I,* 631 N.W.2d at 389–90 (concluding that McDonough's "alibi witness' testimony was discredited and contradicted by a significant amount of other evidence"); *see also McDonough II,* 675 N.W.2d at 55–56 (holding that McDonough's claim of innocence "had previously been decided by this court in the same case"). McDonough's third claim is that we must dismiss his indictment because the grand jury lacked both subject matter and personal jurisdiction over him. Although it is difficult to determine the exact basis for this third claim, it appears that McDonough is merely recharacterizing his previously rejected claim that exculpatory evidence was withheld from the grand jury. *See McDonough I,* 631 N.W.2d at 386–87 (concluding "that the district court did not err in denying McDonough's motion to dismiss the indictment").

Minnesota Statutes § 590.04, subd. 3, allows a postconviction court to "summarily deny a petition when the issues raised in it have previously been decided by the Court of Appeals or the Supreme Court in the same case." We have previously implicitly determined that there was no error when the two officers testified about their discussions with McDonough's alibi witness. *See McDonough I,* 631 N.W.2d at 381, 386–87, 390–91. Thus, the district court could not have erred in allowing the officers to testify nor could the prosecutor

have committed misconduct by calling them to testify. Additionally, we have previously decided that the district court did not err in denying McDonough's motion to dismiss the indictment, implicitly concluding that the grand jury had both personal and subject matter jurisdiction over him. *See id.* at 386–87, 390–91. We therefore conclude that the postconviction court did not abuse its discretion when it denied McDonough relief on these three claims.

Once a direct appeal has been taken, the *Knaffla* rule bars all claims that were raised in the direct appeal and all claims that were known or should have been known but were not raised. *See Hanley v. State,* 534 N.W.2d 277, 279 (Minn.1995); *Knaffla,* 309 Minn. at 252, 243 N.W.2d at 741. We conclude that McDonough's remaining four claims are barred by the *Knaffla* rule because he knew or should have known of all of them at the time of his direct appeal. Additionally, the *Knaffla* rule entitles a defendant "to one right of review by an appellate or postconviction court." *Doppler v. State,* 660 N.W.2d 797, 802 (Minn.2003). The postconviction court reviewed and rejected two of McDonough's four remaining claims when he made them in his first petition for postconviction relief.

McDonough does not argue that any of his four remaining claims present novel legal issues. Our review of the claims confirms that they are not novel. We therefore conclude that the postconviction court did not abuse its discretion when it declined to apply the first of the two exceptions to the *Knaffla* rule to McDonough's remaining claims.

McDonough also argues that we should review all of his claims under *Knaffla*'s second exception—in the interests of justice. While McDonough makes a circular argument that the interests of justice exception should be applied because it would be unjust not to review his claims, he articulates no new, relevant facts that would support an application of this exception. We have previously declined to review a claim barred by the *Knaffla* rule when the petitioner failed to articulate such facts, and we do so again here. *See Jones v. State,* 671 N.W.2d 743, 746 (Minn. 2003).

Finally, even though the *Knaffla* rule bars all of McDonough's claims, we have nonetheless reviewed each of the four claims that we had not previously reviewed and determine each to be without merit.

Affirmed.

BLATZ, C.J., took no part in the consideration or decision of this case.