**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICKY LEE BERRY,

       Petitioner-Appellant,

v.

CHARLES RAY, Warden,

       Respondent-Appellee.

No. 06-6375
(D.C. No. CIV-06-0856-HE)
(W.D. of Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Petitioner-Appellant Ricky Lee Berry, an Oklahoma state prisoner proceeding *pro se*, seeks a certificate of appealability ("COA") to appeal the district court's dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 7, 1993, a jury found Mr. Berry guilty of five counts of rape in the second degree for which he was sentenced to 5 consecutive terms of 15 years each in prison. On March 15, 1995, the Oklahoma Court of Criminal Appeals dismissed his direct appeal and affirmed his convictions.

Mr. Berry's pursuit of overturning his convictions lay dormant for nearly eleven years until, on January 5, 2006, he sought post-conviction relief in Oklahoma state court. The state district court denied relief on February 16, 2006;

on July 5, 2006, the Oklahoma Court of Criminal Appeals affirmed the lower court's denial of his post-conviction relief. Mr. Berry next sought post-conviction relief from the federal courts by filing a writ of habeas corpus on August 15, 2006, with the United States District Court for the Western District of Oklahoma. A magistrate judge issued a report and recommendation urging dismissal of Mr. Berry's petition as time-barred. The district court adopted the magistrate judge's report and dismissed Mr. Berry's petition on December 6, 2006.

On March 12, 2007, petitioner filed an opening brief with this Court asserting his bases of appeal, which we construe as an application for a COA, and moved for leave to proceed *in forma pauperis*. Mr. Berry raises in his opening brief the same arguments he presented to the district court – namely, that he received ineffective assistance of trial counsel and appellate counsel; his trial was permeated with evidentiary errors (including failure to use rape examination reports and other forms of physical evidence); and his confession was improperly admitted.

✳   ✳   ✳

In his papers filed with this Court, petitioner does not address the timeliness of this action and offers no reason why the district court erred in finding his appeal untimely. However, in papers he filed with the district court, petitioner claimed that he lacked access to a law library and "adequate legal

assistance" in the state prison facility where he was housed.  *See* Petitioner's Br. at ¶¶ 4, 5 (Sept. 14, 2006).  He also asserted that *Massaro v. United States*, 538 U.S. 500 (2003), constituted a new rule of constitutional law made retroactive to cases on collateral review.  Petitioner's Writ of Habeas Corpus at ¶ 14 (Aug. 15, 2006).  With these arguments in mind, we address the timeliness of Petitioner's action.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitations for habeas petitioners in state custody. 28 U.S.C. § 2244(d)(1).  The limitation period runs from the later of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Mr. Berry's judgment became final 90 days after March 15, 1995, the date the Oklahoma Court of Criminal Appeals affirmed his conviction on direct

appeal. *See* Sup. Ct. R. 13 (a certiorari petition to the United States Supreme Court must be filed within 90 days of entry of judgment by a state court of last resort); *see also United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) ("If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires."). Because this date occurred before the effective date of AEDPA, Mr. Berry had until April 24, 1997, in which to file his petition; he missed this deadline by over nine years. *See Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) ("[F]or prisoners whose convictions became final before April 24, 1996 [the effective date of AEDPA], the one-year statute of limitation does not begin to run until April 24, 1996.").

Mr. Berry's habeas petition asserts that his one-year clock should start running from April 23, 2003, the date the Supreme Court decided *Massaro* and allegedly recognized a constitutional right made retroactively applicable to cases on collateral review. We are constrained to disagree. This Court has already concluded that *Massaro* did not purport to recognize a constitutional right hitherto unrecognized but, instead, simply provided that the failure to raise a claim of ineffective assistance of counsel on direct appeal does not cause a procedural default preventing review of the issue on collateral appeal. *See Ayala v. Workman*, 116 Fed. Appx. 989, 992 (10th Cir. Dec. 2, 2004) (unpub.) ("*Massaro* announces a federal procedural rule, not a 'newly recognized' constitutional

right."); *see also Massaro*, 538 U.S. at 503-04; *Gomez v. Jaimet*, 350 F.3d 673, 678 (7th Cir. 2003) ("*Massaro* was not a constitutional decision."); *Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003) (same).

Mr. Berry's appeal to tolling principles is also unavailing. Section 2244(d)(2) provides that the limitations period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." However, under our precedents this statutory tolling provision is inapplicable to Mr. Berry because his application for state post-conviction relief was filed *after* the limitations period under Section 2244(d) had expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *see also Hansell v. LeMaster*, 182 F.3d 931 (table), 1999 WL 258335, at *2 (10th Cir. 1999) (same).

Equitable tolling doctrine is no more helpful to Mr. Berry. He argues that we should suspend normal application of the statute of limitations because his prison lacks a law library and he received no adequate appellate counsel. But we have already expressly rejected arguments along these lines. In *Marsh v. Soares*, we held that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Mr. Berry offers us no reason to devise an exception to the general rule in his case. In fact, Mr.

Berry claims he has been housed in the same prison with the same (inadequate) legal facilities since 1996. He was, we know, able to marshal the resources to file post-conviction relief in state and federal court in 2006 but offers us no explanation as to what changed in the decade between 1996 and 2006 and, thus, why he could not have filed his petition sooner. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("[Petitioner] has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal [habeas] claims. It is not enough to say that the [state prison] facility lacked all relevant statutes and case law . . . . It is apparent that [petitioner] simply did not know about the limitation in the AEDPA until it was too late." (citations omitted)).

Because we find "no jurists of reason would find it debatable whether the district court was correct in its procedural ruling," we deny Mr. Berry's application for a COA. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (where a district court dismisses a habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reasons would find it debatable whether the district court was correct in its procedural ruling" (emphasis added)).

∗　∗　∗

We grant Mr. Berry's motion to proceed *in forma pauperis*, deny his application for a COA, and dismiss his appeal.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge