*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-0146**


Willie James Patterson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.


**Filed August 25, 2014**
**Affirmed**
**Bjorkman, Judge**


Hennepin County District Court
File No. 27-CR-11-30153

Willie James Patterson, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

        Considered and decided by Larkin, Presiding Judge; Bjorkman, Judge; and Smith, Judge.

**UNPUBLISHED OPINION**

**BJORKMAN**, Judge

Appellant challenges the denial of his postconviction petition, arguing that his claims are not *Knaffla*-barred and that he was denied effective assistance of appellate counsel. We affirm.

## FACTS

In 2011, appellant Willie James Patterson was convicted of first-, second-, and third-degree assault. We affirmed Patterson's convictions on direct appeal. *State v. Patterson*, No. A12-0476 (Minn. App. Mar. 4, 2013), *review denied* (Minn. May 29, 2013). On August 16, 2013, he petitioned for postconviction relief. The district court denied his petition, concluding that some of his claims are barred by *Knaffla* and that his other arguments lack merit. Patterson appeals.

## DECISION

We review the denial of a petition for postconviction relief for an abuse of discretion. *Leake v. State*, 737 N.W.2d 531, 535 (Minn. 2007). We review issues of law de novo but will not reverse findings of fact unless they are clearly erroneous. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012).

**I. The district court did not abuse its discretion by concluding Patterson's evidentiary claims are barred by *Knaffla*.**

A defendant is entitled to one "review by an appellate or postconviction court." *McDonough v. State*, 675 N.W.2d 53, 57 (Minn. 2004). Postconviction relief is procedurally barred as to claims raised or known but not raised in a direct appeal or a

previous postconviction petition. *State v. Knaffla*, 309 Minn. 246, 253, 243 N.W.2d 737, 741 (1976). But the *Knaffla* rule does not apply: "(1) if a novel legal issue is presented, or (2) if the interests of justice require review." *Powers v. State*, 731 N.W.2d 499, 502 (Minn. 2007).

Patterson argues his claims are not *Knaffla*-barred. We are not persuaded. The postconviction petition alleges that the district court was partial and made evidentiary errors at trial; the state violated discovery rules, destroyed evidence, engaged in improper direct examination of the victim at trial, and refused to correct their witness's false trial testimony; and his due-process rights were violated when a witness testified without Patterson present. All of these claims were either raised on direct appeal or known by Patterson at the time of appeal and not raised. And Patterson does not assert that either of the exceptions to the *Knaffla* rule applies. Accordingly, the district court did not abuse its discretion by determining that these claims are *Knaffla*-barred.

## II. Patterson was not denied effective assistance of appellate counsel.

Ineffective-assistance-of-counsel claims involve mixed questions of law and fact, which we review de novo. *Carney v. State*, 692 N.W.2d 888, 890-91 (Minn. 2005).[1] To establish ineffective assistance of counsel, the appellant must show that "(1) his counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for his counsel's unprofessional errors, the result of the

---

[1] Ineffective-assistance-of-appellate-counsel claims are not barred by *Knaffla*, because they cannot be raised on direct appeal. *See Leake*, 737 N.W.2d at 536.

proceedings would have been different." *State v. Nissalke*, 801 N.W.2d 82, 111 (Minn. 2011).

Patterson argues that his appellate counsel was ineffective because he (1) had a conflict of interest that prevented him from raising certain claims and (2) should have raised ineffective assistance of trial counsel.[2] The purported conflict of interest arises from the fact that both his trial and appellate counsel are members of the Hennepin County Public Defender's Office. Patterson advances several other reasons why his appellate counsel was ineffective, but because he did not present those arguments to the district court, we will not consider them. *See Roby v. State*, 547 N.W.2d 354, 357 (Minn. 1996).

**Conflict of Interest**

The Sixth Amendment entitles a criminal defendant to effective assistance of counsel, including the right to "representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 1103 (1981). To establish a Sixth Amendment violation, an appellant who, like Patterson, did not object to the purported conflict of interest must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *See Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718 (1980).

---

[2] Patterson also argues his appellate counsel was ineffective because he brought Patterson's claims through a direct appeal instead of a postconviction petition. Whether to bring a postconviction petition versus a direct appeal is a matter of strategy, which we generally will not review. *Cf. State v. Rosillo*, 281 N.W.2d 877, 879 (Minn. 1979). And Patterson does not demonstrate that his appellate counsel's decision to pursue a direct appeal instead of a postconviction petition prejudiced the outcome of his appeal.

Patterson has made no showing of an actual conflict of interest.  There is no rule of professional responsibility that prevents different lawyers from the same office from representing a defendant at trial and on appeal.  Rule 1.7 states that a conflict exists if there is a "significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person, or by a personal interest of the lawyer."  Minn. R. Prof. Conduct 1.7(a)(2).  Patterson cites no Minnesota caselaw holding that it is against a lawyer's personal interest to represent a client on appeal because the client was represented by a different lawyer from the same office at trial.  Moreover, Patterson cannot establish that any conflict adversely affected his counsel's performance because, as discussed below, Patterson's ineffective-assistance-of-trial-counsel claims lack merit.

**Failure to raise ineffective assistance of trial counsel**

When appellate counsel's effectiveness is challenged based on failure to raise an ineffective-assistance-of-trial-counsel claim, the appellant must first show that trial counsel was ineffective.  *Fields v. State*, 733 N.W.2d 465, 468 (Minn. 2007).  Appellate counsel is not obligated to argue ineffective assistance of trial counsel if the claim has no merit.  *Williams v. State*, 764 N.W.2d 21, 31-32 (Minn. 2009).  To establish ineffective assistance of trial counsel, the appellant must prove that counsel's performance "fell below an objective standard of reasonableness" and "a reasonable probability exists that the outcome would have been different but for counsel's errors."  *Id.* at 29.  We presume that trial counsel's performance was reasonable and defer with respect to matters of trial strategy.  *Schneider v. State*, 725 N.W.2d 516, 521 (Minn. 2007).

Patterson first contends his trial counsel was ineffective because she did not: conduct sufficient investigation, properly object to testimony or properly cross-examine witnesses, move to disqualify the district court judge, seek to admit evidence that someone other than Patterson committed the crime, and seek discovery that the state refused to turn over. We are not persuaded. All of these assertions of error challenge his counsel's trial strategy, which we generally do not review. *Opsahl v. State*, 677 N.W.2d 414, 421 (Minn. 2004).

Patterson next argues his trial counsel did not consult with him and was "in concert for the court and state." These bald assertions are unavailing. Two lawyers attended hearings, brought several motions on his behalf, and represented him at trial. Patterson expressly acknowledged that he had an opportunity to consult with his counsel about various trial issues. And he cites no evidence demonstrating how his counsel acted against his interests.

Finally, Patterson argues that his trial counsel improperly conceded his guilt when she acknowledged during her closing argument that the victim had been stabbed. The victim testified about the injury and the stab wounds are visible in photographs admitted in evidence. Counsel's statements do not admit that Patterson was the person who stabbed the victim. Rather, the statements were made in the context of counsel's argument that the stabbing injury did not constitute great bodily harm or substantial bodily harm required to prove the charged offense.

Even if trial counsel's performance fell below an objective standard of reasonableness, which it does not, Patterson does not demonstrate that the result of his

trial would have been different but for his trial counsel's alleged deficiencies. In sum, Patterson's ineffective-assistance-of-appellate-counsel claim fails because he did not establish his counsel had a conflict of interest or failed to raise a meritorious ineffective-assistance-of-trial-counsel claim. The district court did not abuse its discretion by denying his petition for postconviction relief.

**Affirmed.**