Lloyd A. HANLEY, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C7-94-1981.

Supreme Court of Minnesota.

July 14, 1995.

Lloyd A. Hanley, Stillwater, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Michael O. Freeman, Hennepin County Atty., Mark V. Griffin, Asst. Hennepin County Atty., Minneapolis, for respondent.

## OPINION

PAGE, Justice.

This appeal is from Anoka County District Court Judge James D. Gibbs' order denying Lloyd A. Hanley's *pro se* petition for postconviction relief. In its Findings and Order, the postconviction court concluded that Hanley's petition failed to allege any facts warranting a postconviction hearing or a new trial on any of the issues raised.

In February 1983, an Anoka County District Court jury convicted Hanley of first-degree murder, first-degree felony murder, and kidnapping in the death of David Studler. Hanley was sentenced to life imprisonment. On direct appeal, his conviction was affirmed. *State v. Hanley*, 363 N.W.2d 735 (Minn.1985).[1] Hanley petitioned the federal district court for a writ of habeas corpus, which was denied in 1992, and he then filed the instant petition for postconviction relief.

In appealing the postconviction court's denial of relief, Hanley raises four issues for our review: (1) whether he was denied his constitutional right to effective assistance of counsel at the time of his trial and on direct appeal; (2) whether he was denied his right under the Sixth Amendment to the United States Constitution to confront witnesses against him; (3) whether he was denied his constitutional right to due process because the prosecutor intentionally used perjured testimony to gain his conviction; and (4) whether newly discovered evidence entitles him to a new trial. Hanley argues that ample evidence exists with respect to each of these issues to warrant granting him either an evidentiary hearing on the postconviction petition or a new trial, and that in failing to do so, the postconviction court erred.

We have held that "[a] petitioner seeking postconviction relief has the burden of establishing, by a fair preponderance of the evidence, facts which warrant a reopening of the case." *State v. Rainer*, 502 N.W.2d 784, 787 (Minn.1993); *see also* Minn. Stat. § 590.04, subd. 3 (1994). Our review of postconviction proceedings is limited to whether there is sufficient evidence in the record to sustain the findings of the postconviction court. *Rainer*, 502 N.W.2d at 787. Absent an abuse of discretion, a postconviction court's decision will not be disturbed. *Id.* An evidentiary hearing is not required unless petitioner alleges facts which, if proven, would entitle petitioner to the requested relief. *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn.1990). In this case, we conclude that Hanley failed to present any facts which would warrant reopening the case and hold that the postconviction court did not abuse its discretion in denying the relief requested.

---

1. The factual basis for Hanley's conviction is set forth in the court's opinion on direct appeal and will not be reproduced here. *State v. Hanley*, 363 N.W.2d at 736–38.

Hanley claims he was denied effective assistance of counsel at the time of his trial and on direct appeal.[2] To establish a right to relief on these claims, Hanley must show that his counsel's representation "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984); *see also Fratzke*, 450 N.W.2d at 102; *State v. Jones*, 392 N.W.2d 224, 236 (Minn.1986).

■ Here, the postconviction court found that Hanley failed to allege any facts: (1) showing that either his trial counsel's or his appellate counsel's representation fell below an objective standard of reasonableness; and (2) showing that the results of the trial or the direct appeal would have been different but for his counsel's alleged unprofessional errors. After reviewing the record, we are satisfied that the postconviction court's findings are supported by the record and that there was no abuse of discretion.[3]

■ Hanley next argues that he was denied his Sixth Amendment right to confront certain witnesses against him. Hanley bases this argument on his contention that, in two instances, out-of-court statements by accomplices to Studler's murder were improperly admitted at his trial. The issues raised by this argument have no merit. As we have consistently held, "where direct appeal has once been taken, * * * matters raised therein * * * will not be considered upon a subsequent petition for postconviction relief." *Fratzke*, 450 N.W.2d at 102 (internal quotations omitted). The postconviction court found that the issues raised by this argument were heard and decided in Hanley's direct appeal. That finding is clearly supported by

our opinion on direct appeal. *Hanley*, 363 N.W.2d at 740.

The third issue raised by Hanley is whether he was denied his constitutional right to due process. This issue is based on his contention that the prosecution used perjured testimony to gain his conviction. In support of this contention, Hanley presents the affidavit of the woman with whom he was living at the time of the murder and with whom, according to the postconviction court, he continues to have a relationship. In the affidavit, she purports to have overheard, at the time of trial, the trial prosecutor encourage one of the state's witnesses to lie on the witness stand.

■ The postconviction court found that Hanley could have, but did not, raise this issue on direct appeal, and that the issue was thereby waived. The court also found that the affiant's statements were unreliable hearsay. This court has held that "[o]nly where a claim is so novel that it can be said that its legal basis was not reasonably available at the time direct appeal was taken and decided will post-conviction relief be allowed." *Fox v. State*, 474 N.W.2d 821, 824 (Minn.1991) (citing *Case v. State*, 364 N.W.2d 797, 800 (Minn.1985)). We conclude that Hanley either knew or should have known of the purported perjured testimony at the time of trial and, by failing to raise it on direct appeal, he is precluded from raising it now. We also agree with the postconviction court that the statements are unreliable hearsay.

Finally, Hanley argues that newly discovered evidence, consisting of affidavits from four individuals, will show that he had no involvement in Studler's kidnapping and murder. The postconviction court found that Hanley failed to address any of the elements established by this court for determining whether to grant a new trial based on newly

---

**2.** Hanley's counsel on direct appeal was a different individual than the one who represented him at trial.

**3.** In addition, we note that on direct appeal Hanley raised the issue of being denied effective assistance of trial counsel. The specific issue raised had to do with certain of his mail being sealed with tape and conferences between his trial counsel and himself that were held in a room equipped with a concealed mirror. This court concluded that Hanley's contentions were meritless. Our review of the record indicates that Hanley either knew or should have known about the issue he now raises. Because he failed to raise the issue on direct appeal, it has been waived. *Fratzke*, 450 N.W.2d at 102.

discovered evidence and, as a result, failed to sustain his burden of proof. We agree.

 In order to gain a new trial based on newly discovered evidence, Hanley must establish:

(1) that the newly discovered evidence was not within petitioner's or his counsel's knowledge before trial; (2) that the evidence could not have been discovered through due diligence before trial; (3) that it is not cumulative, impeaching, or doubtful evidence; and (4) that the evidence would probably produce a different or more favorable result.

*Wieland v. State,* 457 N.W.2d 712, 714 (Minn. 1990). Hanley does not explain how any of the information contained in the four affidavits satisfies the *Wieland* test. After reviewing the affidavits, it becomes clear that the information therein, even if considered to be evidence, newly discovered, fails to satisfy the third and fourth elements of the *Wieland* test because it is doubtful and not likely to produce a different or more favorable result for Hanley.[4] The information is doubtful because none of the affiants were present at the murder, nor do they have any personal knowledge as to who committed the murder. In addition, the information is not likely to produce a different or more favorable result for Hanley because it has no probative value as to his guilt or innocence.

Simply stated, Hanley has failed to establish by a fair preponderance of the evidence any facts which warrant reopening the case. We affirm the postconviction court's denial of the relief sought by Hanley.

Affirmed.

---

4. Because the affidavits so clearly fail the third and fourth elements of the *Wieland* test, we need not address whether they satisfy the first two elements of the test.