**Edward Maurice COOPER,
Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. C7–96–1838.**

Court of Appeals of Minnesota.

June 10, 1997.

Review Denied Aug. 5, 1997.

28

John M. Stuart, State Public Defender, Dean R. Karau, Special Assistant Public Defender, Fredrikson & Byron, P.A., Minneapolis, Albert T. Goins, Sr., St. Paul, for appellant.

Hubert H. Humphrey, III, Attorney General, St. Paul, for respondent.

Michael O. Freeman, Hennepin County Attorney, Donna J. Wolfson, Assistant County Attorney, Minneapolis, for respondent.

Considered and decided by SHORT, P.J., and LANSING and KLAPHAKE, JJ.

## OPINION

SHORT, Judge.

A jury convicted Edward Maurice Cooper of three counts of first-degree criminal sexual conduct and one count of kidnapping. On appeal from his conviction, sentence, and denial of postconviction relief, Cooper argues: (1) he was denied assistance of counsel by his attorney's failure to provide a sign language interpreter; (2) he was denied effective assistance due to his attorney's conflict of interest; (3) the postconviction court erred in limiting the scope of his evidentiary hearing; (4) his conviction is founded on insufficient evidence; and (5) the sentencing court erred in departing durationally and dispositionally from the presumptive guidelines sentence.

## FACTS

On April 22, 1993, Cooper abducted a 12-year-old girl from a playground at knifepoint. He dragged the victim into a wooded area of the park, bound and gagged her, and removed her pants. Before fleeing, Cooper committed multiple penetrations and forced the victim to perform oral sex on him.

Cooper has been completely deaf since he was two and a half years old. He communicates primarily through American Sign Language (ASL). ASL is not simply English communicated through hand movements, but a significantly different language. Consequently, Cooper has a limited understanding of English and reads at only the third-grade level.

Prior to trial, Cooper's trial attorney failed to obtain the services of a sign language interpreter for two-thirds of his meetings with Cooper. Absent an interpreter, the attorney and Cooper communicated by "passing the pad" with notes written in English, using incomplete sentences and common abbreviations. The attorney used the meetings with an interpreter present to discuss concepts he believed Cooper had failed to understand in previous, uninterpreted meetings. In total, Cooper and the attorney met for approximately five hours with the aid of an interpreter before trial.

Cooper proceeded to trial on three counts of first-degree criminal sexual conduct and one count of kidnapping. When the state called the victim's mother as its first witness, Cooper's attorney realized the witness was the client of a partner in his law firm. The attorney called a sidebar and advised the court and opposing counsel that his partner had represented the victim's mother in a completed divorce action. After a short discussion in chambers, the trial court asked both counsel whether they perceived a potential conflict, and both answered in the negative. No record was made of the in-chambers discussion.

After trial, the jury convicted Cooper on all three counts of first-degree criminal sexual conduct and the single count of kidnapping. On the state's motion, the trial court imposed the statutory maximum sentences of 30 years for the criminal sexual conduct and 20 years for the kidnapping, to be served consecutively. This 50-year executed sentence equals 4.92 times the presumptive guidelines sentence of 122 months executed for the criminal sexual conduct and 30 months stayed for the kidnapping.

Cooper petitioned for postconviction relief after this court dismissed his direct appeal. The postconviction court denied relief, without a hearing, on all issues except the attorney's failure to provide an interpreter and alleged conflict of interest. Following a

hearing on those two issues, the postconviction court again denied relief, finding: (1) although defense counsel fell below the standard of objective reasonableness in failing to provide an interpreter for two-thirds of his pretrial meetings with Cooper, Cooper had not shown resultant prejudice to his case; and (2) Cooper's attorney did not operate under an actual conflict of interest.

## ISSUES

I. Did the postconviction court err in finding Cooper received effective assistance of counsel in spite of his attorney's failure to use a sign language interpreter in two-thirds of their pretrial meetings?

II. Did the postconviction court err in finding Cooper was not denied effective assistance of counsel as a result of his attorney's alleged conflict of interest?

III. Did the postconviction court abuse its discretion in denying, without a hearing, the balance of the claims in Cooper's petition for postconviction relief?

IV. Was Cooper's conviction founded upon sufficient evidence?

V. Did the trial court abuse its discretion in sentencing Cooper to 4.92 times the presumptive guidelines sentence?

## ANALYSIS

In reviewing the order of a postconviction court, our function is to determine whether the record sustains the findings and whether the decision constitutes an abuse of discretion. *Miller v. State*, 531 N.W.2d 491, 492 (Minn.1995); *see Kochevar v. State*, 281 N.W.2d 680, 687 (Minn.1979) (recognizing factual findings of postconviction court will not be disturbed if supported by sufficient evidence).

### I.

The Sixth Amendment guarantees the fundamental right of an accused to be represented by counsel. *United States v. Cronic*, 466 U.S. 648, 653, 104 S.Ct. 2039, 2043, 80

L.Ed.2d 657 (1984). This right encompasses not only the provision of counsel, but also actual assistance from counsel. *Id.* at 654, 104 S.Ct. at 2044. A defendant claiming ineffective assistance must show that "his counsel's representation 'fell below an objective standard of reasonableness.'" *Hanley v. State*, 534 N.W.2d 277, 279 (Minn.1995) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).

Cooper argues his attorney's failure to provide an ASL interpreter at two-thirds of their pretrial meetings rendered Cooper unable to effectively understand or communicate with the attorney, thus actually or constructively denying him assistance of counsel. The postconviction court found the attorney's representation of Cooper fell below an objective standard of reasonableness because persons disabled in communication are entitled to interpretive assistance to facilitate full participation in the defense. *See* 42 U.S.C. §§ 12181(7)(F), 12182(a) (1994) (prohibiting disability discrimination in full enjoyment of services, including legal services); *State v. Dominguez–Ramirez*, 563 N.W.2d 245, 253 n. 3 (Minn.1997) (citing Minn.Stat. §§ 611.30–.33 and recognizing that constitutional rights of persons disabled in communication cannot be fully protected without qualified interpreters to assist in legal proceedings); *see also State v. Marin*, 541 N.W.2d 370, 373–74 (Minn.App.1996) (excluding statement taken from non-English speaker without interpreter, concluding suspect who lacks understanding of legal proceedings cannot make intelligent waiver of rights), *review denied* (Minn. Mar. 27, 1996).

■■■■ In addition to showing deficiency of counsel, however, a defendant claiming ineffective assistance ordinarily must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hanley*, 534 N.W.2d at 279 (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2068). Prejudice need not be proven under circumstances in which,

> although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one,

could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.

*Cronic,* 466 U.S. at 659–60, 104 S.Ct. at 2047. Thus, when surrounding circumstances justify a presumption of ineffectiveness, a Sixth Amendment claim is sufficient without inquiry into counsel's actual performance at trial. *Id.* at 662, 104 S.Ct. at 2048. The presumption of prejudice applies when a defendant is denied counsel at a critical stage of trial, or defense counsel entirely fails to subject the state's case to meaningful adversarial testing. *Id.* at 659, 104 S.Ct. at 2047; *compare House v. Balkcom,* 725 F.2d 608, 620 (11th Cir.) (applying *Cronic* analysis to case in which attorneys' negligent conduct "constitute[d] no representation at all"), *cert. denied,* 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984); *State v. Wiplinger,* 343 N.W.2d 858, 861 (Minn.1984) (presuming prejudice where defense counsel impliedly admitted defendant's guilt without permission of defendant); *with Scarpa v. Dubois,* 38 F.3d 1, 15 (1st Cir.1994) (refusing to apply *Cronic* "presumed prejudice" rule where defense counsel conceded sole contested issue in case), *cert. denied,* 513 U.S. 1129, 115 S.Ct. 940, 130 L.Ed.2d 885 (1995); *State v. Savage,* 120 N.J. 594, 577 A.2d 455, 466 (1990) (declining to presume prejudice in capital case where defense counsel met with defendant only once). The common thread in the cases presuming prejudice is attorney conduct that is, "in general so antithetic to effective assistance * * * that a case-by-case analysis simply is not worth the cost." *Scarpa,* 38 F.3d at 12 (emphasis omitted).

Cooper argues the nature of his attorney's error in failing to provide a sign language interpreter justifies the reversal of his conviction without inquiry into the actual prejudice caused to the defense. We disagree. We recognize that pretrial communication between a defendant and counsel is essential to afford a defendant a fair trial. *See Avery v. Alabama,* 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940) (noting denial of opportunity for appointed counsel to confer, consult with accused, and prepare defense would convert appointment into sham). However, the evidence shows: (1) when Coo-

per and the attorney were not assisted by an interpreter, they achieved some communication through writing; (2) a sign language interpreter was present at approximately one-third of the pretrial meetings between Cooper and his attorney, for a total of five hours; (3) in meetings with an interpreter, the attorney attempted to readdress issues he believed Cooper had had difficulty comprehending in previous, uninterpreted meetings; (4) the trial court provided interpreters for all of Cooper's court proceedings; (5) Cooper does not allege to have failed to understand any particular issues in his case or strategic decisions by his attorney; and (6) Cooper does not allege to have failed to communicate any piece of information, including the existence of exculpatory evidence, to his attorney.

■ Given these facts, we conclude the circumstances surrounding the attorney's representation of Cooper do not warrant a presumption of ineffectiveness of counsel. *Cf. Hernandez v. Wainwright,* 634 F.Supp. 241, 249 (S.D.Fla.1986) (requiring Spanish speaker to demonstrate prejudice from counsel's failure to provide interpreter in two of three pretrial meetings), *aff'd without opinion,* 813 F.2d 409 (11th Cir.1987). While Cooper achieved only imperfect communication with his attorney, he was, nonetheless, assisted by counsel; Cooper was not denied counsel at a critical stage, and his attorney did not fail to subject the state's case to meaningful adversarial testing. *Cf. Geders v. United States,* 425 U.S. 80, 92, 96 S.Ct. 1330, 1337, 47 L.Ed.2d 592 (1976) (presuming prejudice from counsel's denial of access to defendant for 17–hour overnight trial recess); *Martin v. Rose,* 744 F.2d 1245, 1250–51 (6th Cir.1984) (reversing conviction without showing of prejudice where counsel failed to make arguments, call or cross-examine witnesses, or make objections). This simply is not the total failure of representation that would permit us to presume that Cooper's constitutional right to effective assistance of counsel was abridged.

■ Absent a presumption of prejudice, Cooper can prevail in his ineffective assistance claim only upon proof of a reasonable

probability that the outcome of the proceedings would have been different but for his attorney's failure to provide an interpreter for pretrial meetings. *See Hanley,* 534 N.W.2d at 279 (quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068, and requiring affirmative showing of prejudice). However, Cooper cannot identify any facet of trial that might have proceeded differently had an interpreter been present at each pretrial meeting between Cooper and his attorney. Cooper had no additional exculpatory evidence, alibi witness, or theory of defense that he failed to communicate due to the absence of a sign language interpreter. Because Cooper cannot demonstrate prejudice, his petition for postconviction relief on the basis of ineffective assistance of counsel must fail.

## II.

The Sixth Amendment right to counsel encompasses a "correlative right to representation that is free of conflicts of interest." *Wood v. Georgia,* 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220 (1981). This right "is not limited to cases involving joint representation of co-defendants * * * but extends to any situation in which a defendant's counsel owes conflicting duties to that defendant and some other third person." *United States v. Cook,* 45 F.3d 388, 393 (10th Cir.1995) (citation omitted).

■ The burden of a defendant claiming ineffective assistance due to a conflict of interest depends on whether and to what extent the alleged conflict was brought to the trial court's attention. *United States v. Fish,* 34 F.3d 488, 492 (7th Cir.1994). A defendant who raised no objection at trial must demonstrate that defense counsel "actively represented conflicting interests" and this conflict "adversely affected [the] lawyer's performance." *Cuyler v. Sullivan,* 446 U.S. 335, 348, 350, 100 S.Ct. 1708, 1718, 1719, 64 L.Ed.2d 333 (1980). By contrast, when an attorney informs the trial court of a probable risk of conflict, and the court fails to take adequate steps to ascertain whether an impermissible conflict exists, the defendant's conviction must be reversed without inquiry into prejudice resulting from the alleged conflict. *Holloway v. Arkansas,* 435 U.S. 475,

484, 488–89, 98 S.Ct. 1173, 1178–79, 1181, 55 L.Ed.2d 426 (1978); *see also Fish,* 34 F.3d at 492 (requiring trial court inquiry whenever defendant raises issue or trial court otherwise knows or reasonably should know of potential conflict of interest).

■ Cooper argues he was denied effective assistance of counsel due to the attorney's impermissible conflict of interest between Cooper and the victim's mother. Meeting with both counsel outside the presence of the jury after Cooper's attorney recognized the victim's mother, the trial court learned: (1) a law partner of Cooper's attorney had represented the victim's mother; (2) the representation involved a dissolution action, which bore no relation to the present criminal case; (3) the dissolution action was complete; and (4) Cooper's attorney did not believe an impermissible conflict existed, but simply wished to bring the matter to the trial court's attention. Given these facts, we conclude the trial court fulfilled its obligation to ascertain whether an impermissible conflict existed. The attorney acted properly in informing the trial court of his relationship to the victim's mother, and the court was entitled to place great weight on the attorney's conclusion that he was not subject to an actual conflict of interest. *See Holloway,* 435 U.S. at 485, 98 S.Ct. at 1179 (quoting *State v. Davis,* 110 Ariz. 29, 514 P.2d 1025, 1027 (1973), and noting attorney is in best position professionally and ethically to determine when conflict of interest exists); *see, e.g., Fish,* 34 F.3d at 493 (concluding trial court reasonably relied on defense counsel's own assessment of conflict potential). Therefore, the *Holloway* rule of presumed prejudice does not compel a reversal of Cooper's conviction.

Furthermore, Cooper has not demonstrated the existence of an actual conflict of interest. The postconviction court found no evidence that Cooper's attorney was in any way involved in the dissolution proceedings of the victim's mother or that the attorney's partner participated in Cooper's defense. *Cf. State v. Stephani,* 369 N.W.2d 540, 549 (Minn.App.1985) (concluding record failed to show actual conflict of interest where, just before trial, defense lawyers learned another

attorney from office had previously represented victim in unrelated criminal cases while instant case was pending), *review denied* (Minn. Aug. 20, 1985). Additionally, in claiming an actual conflict circumscribed the attorney's representation, Cooper alleges only that the attorney's relationship to the victim's mother prevented him from vigorously cross-examining her concerning the victim's history of sexual abuse. Even if such evidence would be relevant and admissible, Cooper's vague, unfounded allegations are insufficient to establish that the attorney's conflict adversely affected his representation. The postconviction court properly concluded that Cooper was not entitled to relief on the basis of his attorney's allegedly impermissible conflict of interest.

### III.

■ A postconviction court must afford a petitioner an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle the petitioner to the requested relief. *Fratzke v. State,* 450 N.W.2d 101, 102 (Minn. 1990). Cooper argues the postconviction court abused its discretion in denying him an evidentiary hearing on his additional claims, alleging his attorney failed to follow evidentiary leads, present certain testimonial evidence, obtain expert testimony, or meaningfully cross-examine prosecution witnesses. However, the errors Cooper alleges involved the exercise of tactical judgment and will not support a claim of ineffective assistance. *See State v. Bliss,* 457 N.W.2d 385, 392 (Minn. 1990) (recognizing choice of witnesses lies in counsel's discretion); *State v. Buchanan,* 431 N.W.2d 542, 553 (Minn.1988) (noting choice of trial tactics generally will not serve as basis for finding ineffective assistance). Moreover, Cooper has presented no evidence that the claimed errors affected the outcome at trial. *See Fratzke,* 450 N.W.2d at 102 (authorizing evidentiary hearing only when accused's allegations, if proven, would establish actual prejudice); *see also Gates v. State,* 398 N.W.2d 558, 563 (Minn.1987) (rejecting ineffective assistance claim where petitioner failed to establish adequate trial preparation would have produced favorable witness whose testimony would have changed outcome of trial); *Crisler v. State,* 520 N.W.2d

22, 26 (Minn.App.1994) (stating failure to investigate does not constitute ineffective assistance absent a showing proper inquiry would have produced significant exculpatory proof), *review denied* (Minn. Sept. 28, 1994). Under these circumstances, the postconviction court did not abuse its discretion by denying Cooper an evidentiary hearing on these additional claims of ineffective assistance.

### IV.

■ This court must affirm a verdict if the evidence is such that a jury could reasonably conclude, under the facts and any legitimate inferences, that the defendant was guilty of the crime charged. *State v. Langley,* 354 N.W.2d 389, 395 (Minn.1984). In reviewing the record, we view the evidence in the light most favorable to the jury's verdict, assuming the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore,* 438 N.W.2d 101, 108 (Minn.1989).

Cooper argues his convictions are founded upon insufficient evidence. However, the record demonstrates: (1) the victim described her assailant in detail both to her mother and to police, and swiftly identified Cooper in a photo line-up the same day as the rape; (2) the victim identified Cooper in court; (3) the victim's account of the rape and kidnapping remained consistent throughout the investigation and trial; (4) in Cooper's apartment, police found two hearing aids matching a description given by the victim, as well as wire and electric tape similar to those used to bind the victim; (5) police found that items retrieved from Cooper's residence, including a pack of Newport menthol cigarettes and a purple Halo lighter, matched those discovered 20 feet from the crime scene; and (6) the serological work was consistent with Cooper as the assailant. Given these facts, the record evidence is sufficient to permit a jury to reasonably conclude that Cooper committed first-degree criminal sexual conduct and kidnapping as charged.

### V.

■ A trial court has discretion to depart from a defendant's presumptive

guidelines sentence when the offense involves "substantial and compelling circumstances," which make the facts of a particular case different from the typical case. *State v. Peake*, 366 N.W.2d 299, 301 (Minn.1985) (citation omitted). Generally, in a case in which an upward departure is warranted, the upper limit is double the presumptive sentence length. *State v. Evans*, 311 N.W.2d 481, 483 (Minn.1981). However, some rare cases present facts so unusually compelling that an even greater degree of departure will be justified. *Id.* Additionally, although multiple sentences are presumed to run concurrently, consecutive sentences are permissible if "commensurate with culpability and not an exaggeration of defendant's criminality." *State v. Swanson*, 498 N.W.2d 435, 440 (Minn.1993) (permitting concurrent sentences if commensurate with culpability); *see* Minn. Sent. Guidelines II.F. (providing presumption of concurrence). The only absolute limit on a sentence is the maximum statutory sentence provided by the legislature. *State v. Glaraton*, 425 N.W.2d 831, 834 (Minn.1988). This court reviews sentencing departures under an abuse of discretion standard. *Evans*, 311 N.W.2d at 483.

Cooper argues the trial court erred by sentencing him to the statutory maximum sentences for first-degree criminal sexual conduct and kidnapping, to be served consecutively, resulting in a sentence 4.92 times his presumptive guidelines sentence. We agree. After a careful review of the record, we conclude the trial court considered two improper factors in departing from the guidelines durationally and with respect to consecutive sentencing. First, the age of Cooper's victim was not sufficiently different from the age of the typical victim of conduct charged under Minn.Stat. § 609.342, subd. 1 (1996), to justify a departure on this basis. *See State v. Brusven*, 327 N.W.2d 591, 593 (Minn.1982) (disallowing consideration of age and resultant vulnerability of criminal sexual conduct victim because legislature already considered those factors in categorizing offense severity levels). Second, the trial court's consideration of the kidnapping as a factor justifying a departure on the criminal sexual conduct sentence was impermissible because the court sentenced Cooper independently for

kidnapping. *Cf. State v. Cox*, 343 N.W.2d 641, 643 (Minn.1984) (generally permitting consideration of course of conduct underlying charge for which defendant is being sentenced).

By contrast, the trial court's departure from the guidelines sentence was supported by Cooper's prior conviction for fourth-degree criminal sexual conduct and his particularly cruel conduct in repeatedly penetrating the victim. *See* Minn. Sent. Guidelines II. D.2.b.(3) (providing if current conviction is for criminal sexual conduct, prior felony conviction for criminal sexual conduct is proper departure factor); Minn. Sent. Guidelines II. D.2.b.(2) (listing particular cruelty as aggravating factor); *see also State v. Mesich*, 396 N.W.2d 46, 52 (Minn.App.1986) (noting multiple acts of penetration alone will justify double durational departure), *review denied* (Minn. Jan. 2, 1987). While these two factors warrant the trial court's upward departure on the criminal sexual conduct sentence, they cannot justify an aggravated sentence for the kidnapping, which was incidental to the rape. *See State v. Crocker*, 409 N.W.2d 840, 845 (Minn.1987) (recognizing statute permitting separate sentence for kidnapping would allow unfair exaggeration of criminality of defendant's conduct where confinement is completely incidental to connected crime, if not for presumption that kidnapping sentence runs concurrently). Under these circumstances, we must conclude the trial court abused its discretion in making an upward departure with respect to the kidnapping sentence. Therefore, we affirm the trial court's imposition of the 30–year maximum statutory sentence for criminal sexual conduct, but modify the kidnapping sentence to the presumptive concurrent sentence of 30 months, which will be executed.

## DECISION

The postconviction court properly found Cooper was not denied effective assistance of counsel by his attorney's alleged conflict of interest or failure to provide a sign language interpreter, and the court did not abuse its discretion in denying Cooper an evidentiary hearing on his remaining allegations of attorney error. In addition, Cooper's convictions

are founded upon sufficient evidence. While the trial court's imposition of the statutory maximum sentence for first-degree criminal sexual conduct was appropriate, the kidnapping sentence is modified to conform to the guidelines.

**Affirmed as modified.**