STATE of Minnesota, Respondent,

v.

Taporius Dywann PAIGE, Appellant.

No. A08–0616.

Court of Appeals of Minnesota.

May 12, 2009.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Thomas A. Weist, Assistant County Attorney, Minneapolis, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, Minnesota, for appellant.

Considered and decided by CONNOLLY, Presiding Judge; HUDSON, Judge; and RANDALL, Judge.*

## OPINION

HUDSON, Judge.

On appeal from the denial of his request to withdraw his guilty plea, appellant argues that the district court applied the wrong legal standard to his request to discharge counsel, which resulted in the absence of adequate representation at his plea-withdrawal hearing. We agree and remand.

## FACTS

On February 15, 2007, appellant Taporius Dywann Paige was indicted by a Hennepin County grand jury for one count of first-degree murder in violation of Minn. Stat. § 609.185(a)(1) (2006); one count of first-degree murder in violation of Minn. Stat. § 609.185(a)(3) (2006); one count of second-degree murder in violation of Minn. Stat. § 609.19, subd. 1(2) (2006); and two counts of drive-by shooting in violation of Minn.Stat. § 609.66, subd. 1e(b) (2006). Appellant was initially represented by a public defender, but appellant replaced the public defender with private counsel. While represented by private counsel, appellant pleaded guilty to second-degree murder. The state dismissed the remaining charges.

On November 26, 2007, appellant wrote a pro se letter to the district court indicating that he wanted to be "brought

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art VI, § 10.

back" before the district court to withdraw his plea and "fire" his private counsel. Appellant alleged that he pleaded guilty only because of his counsel's "verbal coercion and persuasion." He also claimed that his counsel "didn't do anything to help [appellant] or exonerate [his] name." In response, appellant's counsel moved the district court to withdraw as appellant's attorney.

A hearing on appellant's request to discharge counsel was held on January 3, 2008, five days before appellant was to be sentenced on the second-degree murder conviction. The district court said that the purpose of the hearing was to "understand on the record what [appellant's] wishes are" and that the court was "not hearing any motion today." Appellant attempted to state that he wanted to discharge counsel for ineffective assistance, but before appellant could finish his statement, the district court asked appellant if he had another attorney. When appellant indicated that he did not have another attorney, the district court recited to appellant Minn. Gen. R. Pract. 703, which states that "[o]nce a lawyer has filed a certificate of representation, that lawyer cannot withdraw from the case until all proceedings have been completed, except upon written order of the court pursuant to a written motion, or upon written substitution of counsel approved by the court ex parte."

The district court then told appellant that "[b]ecause of the status of these proceedings, that you have already pleaded guilty and that the sentence is scheduled, I cannot take any action today on anything unless you have another lawyer ready, willing, and able to file a certificate of representation and be substituted for [current counsel]." The district court continued, saying,

So, if you believe you have another lawyer, that would be the appropriate thing to do, or if you don't have another lawyer and you still wish to proceed along these lines, you could re-apply for a public defender. But at this point there's no reason not to proceed to the sentencing which is scheduled for Tuesday, January 8.

The district court took no further action on appellant's request to discharge counsel.

Appellant did not retain another lawyer and was represented by the same private counsel at the January 8, 2008, sentencing/plea-withdrawal hearing. Appellant's counsel made no argument at the hearing and filed no motions on appellant's behalf. Instead, counsel stated,

[M]y concern is that [appellant] sent a letter to the Court . . . indicating that he was going to obtain new counsel and was going to I guess discharge me as his attorney. And the basis for the new attorney was to withdraw his plea, so my hands have been tied a little bit in terms of what I can and cannot do, or what I feel comfortable with in terms of [appellant]. We've certainly had several discussions. He's indicated that he wants to withdraw his plea. As of this time no one has approached me in terms of the representation and, as I said, it's my understanding that [appellant's] basis is going to be ineffective assistance of counsel, so I'm a little bit in a difficult position in terms of what I can and can't do in this case.

The district court denied appellant's request to withdraw his plea, finding that the plea was fair and entered into voluntarily and intentionally. The district court also held that appellant had not "established any fair or just reason to allow him to withdraw his plea and no such motion [had] been filed by counsel of record."

Appellant addressed the district court prior to being sentenced, saying,

Well, Your Honor, you know, I was here last Thursday and I was under the impression that I was going to get an action for substitute of counsel. You only gave me two, three days to retain a new lawyer, which is very hard on a short notice and I couldn't be able to do that. I was going to ask you for a substitute of counsel and ask for just a week continuance for ... a withdrawal of my plea agreement. But I see today that, you know, everything was done before I stepped in the courtroom.

In response, the district court said,

[I]t was clear from your letter that you were considering getting a new lawyer. You did not ask for a public defender last week. And there was no limit on you getting a new lawyer and getting that person to make a motion to be substituted for [current counsel]. So there has been plenty of time. You can certainly request substitution of counsel, but you haven't specifically asked—you know, you haven't brought a private lawyer in here and you haven't specifically asked for a public defender. And even if you did, it's within my discretion to determine whether there are some exceptional circumstances and whether the demand would be timely and reasonably made.

The district court sentenced appellant to 348 months of imprisonment. This appeal follows.

## ISSUES

I. Did the district court apply the correct legal standard to appellant's request to discharge counsel?

II. Did the district court's error in addressing appellant's motion to discharge counsel result in the absence of adequate representation at the plea-withdrawal hearing, requiring a rehearing on appellant's request to withdraw his guilty plea?

## ANALYSIS

### I

■ Appellant argues that the district court applied the incorrect legal standard to his request to discharge counsel. The federal and state constitutions guarantee the criminal defendant the right to the assistance of counsel. U.S. Const., amend. VI; Minn. Const. art. I, § 6; *Powell v. Alabama*, 287 U.S. 45, 66, 53 S.Ct. 55, 63, 77 L.Ed. 158 (1932); *State v. Fagerstrom*, 286 Minn. 295, 298, 176 N.W.2d 261, 264 (1970). "This right includes a fair opportunity to secure counsel of his own choice." *Fagerstrom*, 286 Minn. at 298, 176 N.W.2d at 264 (citing *Chandler v. Fretag*, 348 U.S. 3, 10, 75 S.Ct. 1, 5, 99 L.Ed. 4 (1954)). A defendant cannot demand a continuance for the purpose of delay or by "arbitrarily choosing to substitute counsel at the time of trial." *State v. Vance*, 254 N.W.2d 353, 358 (Minn.1977).

The district court, citing the rule governing attorney withdrawal in a criminal case, believed that it could not take action on appellant's request to discharge counsel unless appellant already had another attorney in place who was ready to file a certificate of representation and substitute for defense counsel. Appellant distinguishes between a criminal-defense attorney's request to withdraw as counsel and a criminal defendant's request to discharge counsel, asserting that the attorney-withdrawal rule applies only to the former request and not to the latter request. We agree.

■ The attorney-withdrawal rule describes the process by which an attorney may withdraw from representation in a criminal case, requiring written substitution of counsel to be approved by the district court before an attorney may with-

draw. Minn. Gen. R. Pract. 703.[1] In addressing appellant's request to discharge counsel, the district court applied the substitution-of-counsel requirement from Minn. Gen. R. Pract. 703, stating that the court could not take action on appellant's request until appellant secured substitute counsel. But nothing in the attorney-withdrawal rule addresses the process by which a criminal defendant can discharge counsel, and a criminal defendant's request to discharge counsel is not governed by the same constraints that govern attorney withdrawal in a criminal case. Notably, the attorney has a professional obligation to a client that may limit his ability to withdraw from the relationship while the client does not have a similar obligation. *See generally* Minn. R. Prof. Conduct 1.16(b).

■■ Instead, when a criminal defendant makes a request to discharge counsel, the district court is required to first ascertain how the defendant wishes to proceed after counsel is discharged, and then determine whether it is appropriate for the defendant to proceed as requested. For example, a criminal defendant who discharges counsel may wish to proceed pro se. If a criminal defendant requests to proceed with self-representation, a district court must determine (1) whether the request is clear, unequivocal, and timely, and (2) whether the defendant knowingly and intelligently waives his right to counsel. *State v. Richards*, 456 N.W.2d 260, 263 (Minn.1990). Also, the "defendant should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with his eyes open." *Id.* at 264 (quotation omitted).

■ Alternatively, a criminal defendant who requests to discharge counsel may wish to proceed with substitute counsel. "The matter of continuance to permit substitution of counsel is traditionally within the discretion of the trial judge." *Fagerstrom*, 286 Minn. at 299, 176 N.W.2d at 264. When a defendant makes a request for substitute counsel, the district court must determine whether the facts and circumstances warrant a continuance to permit the substitution. *Id.*

We stress that our decision does not compel district courts to grant a criminal defendant's request to proceed pro se or with substitute counsel. Rather, we simply hold that a district court must clarify a defendant's request to discharge counsel by determining how the defendant wishes to proceed upon the discharge of counsel. Whether to allow a defendant to proceed pro se or with substitute counsel remains subject to the relevant legal analysis/inquiry conducted by the district court.

■ Further, while our decision places on district courts the responsibility to clarify and address a defendant's request to discharge counsel, it does not absolve a criminal defendant of the responsibility to make a timely request. *See State v. Clark*, 698 N.W.2d 173, 177 (Minn. App.2005) (stating that "[a] court will grant [a defendant's] request for substitute counsel only if exceptional circumstances exist and the demand is timely and reasonably made") (quotation omitted), *aff'd*, 722 N.W.2d 460 (Minn. Oct.12, 2006). We reiterate that a defendant cannot demand to proceed pro se or with substitute counsel merely to effect a delay in trial or sentencing. If a defendant makes a request for

---

1. Here, appellant's counsel did file a motion to withdraw, but the district court did not address counsel's motion to withdraw at the January 3 hearing. Rather, the district court addressed only appellant's request to discharge counsel, explicitly stating that the purpose of the hearing was to "understand on the record what [appellant's] wishes are."

self-representation after proceedings have already begun, the district court must strike a balance between the defendant's legitimate interests in self-representation and the possibility for disruption and undue delay. *State v. Christian*, 657 N.W.2d 186, 191 (Minn.2003). Similarly, district courts may properly deny last-minute requests for substitute counsel that inevitably delay the proceedings. *State v. Reed*, 398 N.W.2d 614, 616 (Minn.App.1986), *review denied* (Minn. Feb. 13, 1987).

Here, the district court took no action to clarify appellant's request to discharge counsel, believing that, under the attorney-withdrawal rule, the court could not act on appellant's request unless substitute counsel was already in place. Because the district court was required to determine how appellant wished to proceed upon the discharge of counsel and whether it was appropriate for appellant to proceed as requested, we remand to the district court to clarify and address appellant's request to discharge counsel.

## II

▮ Appellant also contends that the district court erred in improperly addressing his motion to discharge counsel resulting in the absence of adequate representation at his plea-withdrawal hearing, requiring a rehearing on his request to withdraw his guilty plea. We agree.

▮ The state and federal constitutions guarantee the right to counsel in criminal trials. U.S. Const. amend. VI; Minn. Const. art. I, § 6. The right to counsel includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). To establish ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient, and (2) that the defi-

cient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064.

▮ A lawyer's performance is deficient if he represents a client despite having a conflict of interest. *See Wood v. Georgia*, 450 U.S. 261, 271–72, 101 S.Ct. 1097, 1103–04, 67 L.Ed.2d 220 (1981) (noting that defendant had "right to representation that is free from conflicts of interest"). A conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person, or by a personal interest of the lawyer." Minn. R. Prof. Conduct 1.7(a)(2). Thus, the existence of a conflict of interest typically depends on whether the lawyer's decisions were "materially limited." Because of this limitation, prejudice to the defendant is generally presumed when the lawyer has a conflict of interest. *See Mickens v. Taylor*, 535 U.S. 162, 167–70, 122 S.Ct. 1237, 1241–43, 152 L.Ed.2d 291 (2002) (discussing cases in which deficient performance and prejudice inquiries overlapped).

▮ "The burden of a defendant claiming ineffective assistance due to a conflict of interest depends on whether and to what extent the alleged conflict was brought to the [district] court's attention." *Cooper v. State*, 565 N.W.2d 27, 32 (Minn. App.1997), *review denied* (Minn. Aug. 5, 1997) (citing *United States v. Fish*, 34 F.3d 488, 492 (7th Cir.1994)). "A defendant who raised no objection at trial must demonstrate that defense counsel actively represented conflicting interests and this conflict adversely affected [the] lawyer's performance." *Id.* (quotation omitted). "By contrast, when an attorney informs the [district] court of a probable risk of conflict, and the court fails to take adequate steps to ascertain whether an impermissible conflict exists, the defendant's

conviction must be reversed without inquiry into prejudice resulting from the alleged conflict." *Id.* (citing *Holloway v. Arkansas,* 435 U.S. 475, 484, 488–89, 98 S.Ct. 1173, 1178–79, 1181, 55 L.Ed.2d 426 (1978)); *see also Fish,* 34 F.3d at 492 (requiring district court inquiry whenever defendant raises issue or district court otherwise knows or reasonably should know of potential conflict of interest).

At the January 8, 2008, sentencing/plea-withdrawal hearing, appellant's counsel made no argument on appellant's behalf and did not file any motion in support of appellant's plea withdrawal. Instead, counsel indicated that because the basis for appellant's plea withdrawal was ineffective assistance of counsel, his "hands have been tied a little bit in terms of what [he could] and [could not] do, or what [he felt] comfortable with in terms of [appellant]." Counsel further stated, "I'm a little bit in a difficult position in terms of what I can and can't do in this case."

Similar circumstances occurred in *Butala v. State,* 664 N.W.2d 333, 341 (Minn. 2003). There, the defendant brought a pro se motion to withdraw his pleas two days before the scheduled sentencing hearing. *Id.* at 337. In support of his motion, the defendant argued that he had not been "provided with proper counsel." *Id.* At the sentencing hearing, the defendant's attorneys refused to support the motion, indicating that conflicts of interest might compromise their ability to proceed with trial should the motion be granted. *Id.* at 341. The defendant argued on his own behalf, but the district court denied his plea-withdrawal motion. *Id.*

On appeal, the defendant argued that "the absence of representation in his plea withdrawal motion afford[ed] a fair and just basis on which he should be allowed to withdraw his pleas." *Id.* Although the supreme court ultimately affirmed the district court's decision, it held that "the better procedure would have been to afford substitute counsel for purposes of making the motion." *Id.*

■■■ Here, counsel's comments at the January 8, 2008, hearing, combined with his failure to file any motion or make any arguments on appellant's behalf, were sufficient to bring the district court's attention to the fact that a potential conflict of interest existed that could materially limit counsel's representation of appellant. Therefore, the district court was required to take adequate steps to ascertain whether an impermissible conflict existed. *See Cooper,* 565 N.W.2d at 32 (holding that "when an attorney informs the [district] court of a probable risk of conflict, and the court fails to take adequate steps to ascertain whether an impermissible conflict exists, the defendant's conviction must be reversed without inquiry into prejudice resulting from the alleged conflict"). Further, under *Butala,* appellant should have been afforded substitute counsel for the purpose of making his plea-withdrawal motion. Because the district court made no attempt to address the potential conflict of interest at the plea-withdrawal hearing, and because appellant was not afforded substitute counsel, we remand to the district court for another hearing on appellant's plea-withdrawal request.

We acknowledge that in *Butala,* the supreme court did not remand for a rehearing on the defendant's motion. 664 N.W.2d at 341. But the facts here, while similar to the facts in *Butala,* are sufficiently distinguishable to require a different outcome. In affirming the denial of the defendant's plea-withdrawal motion in *Butala,* the supreme court relied, in part, on the fact that the defendant, with the assistance of independent counsel in the postconviction proceeding prior to the appeal, "fully litigated his claims of a right to

withdraw his pleas under the 'fair and just' standard" at a postconviction hearing. *Id.* Here, appellant has not had another opportunity to fully litigate his plea-withdrawal motion with the assistance of counsel. Additionally, whereas the absence of representation in *Butala* was attributable solely to the nature of the defendant's plea-withdrawal claim, the absence of adequate representation here cannot be divorced from the district court's failure to clarify and address appellant's request to discharge counsel.

## DECISION

When appellant sought to discharge counsel, the district court was required to determine how appellant wished to proceed upon the discharge of counsel and whether it was appropriate for appellant to proceed as requested. Because the district court made neither determination, we remand for a hearing to clarify and address appellant's request to discharge counsel. In addition, counsel's comments at the plea-withdrawal hearing were sufficient to require the district court to ascertain whether an impermissible conflict existed, and the absence of adequate representation was such that appellant should have been afforded substitute counsel for his plea-withdrawal motion. Therefore, we also remand to the district court for another hearing on appellant's request to withdraw his plea.

On remand, appellant's request to discharge counsel must be resolved prior to the plea-withdrawal hearing. Because appellant originally brought his plea-withdrawal request before sentencing, the district court shall consider appellant's plea-withdrawal request under the "fair and just" standard. *See id.* at 338 (stating that "[a]fter entry of the guilty plea and before sentence, the court, in its discretion, may allow the defendant to withdraw his plea for any fair and just reasons unless the prosecution has been substantially prejudiced"); Minn. R.Crim. P. 15.05, subd. 2.

**Remanded.**