*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1299**


State of Minnesota,
Respondent,

vs.

Samuel Johosephat Taylor,
Appellant.


**Filed August 4, 2014
Affirmed
Bjorkman, Judge**


Hennepin County District Court
File No. 27-CR-12-8727

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Linda K. Jenny, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Erik I. Withall, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Hudson, Judge; and Bjorkman, Judge.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the district court's denial of his motion to withdraw his guilty plea. Because the district court did not abuse its discretion in concluding that plea withdrawal is not fair and just, we affirm.

## FACTS

On March 22, 2012, the state charged appellant Samuel Johosephat Taylor with second-degree intentional murder. A grand jury later indicted Taylor for one count of first-degree felony murder, and the state amended the complaint to add the first-degree charge.

On February 20, 2013, Taylor entered a guilty plea to second-degree intentional murder with an executed sentence of 366 months. But at his sentencing hearing, Taylor moved to withdraw his guilty plea, arguing that he did not understand the length of time he would serve at the time he entered his plea. The district court denied his motion and sentenced him to 366 months in prison. This appeal follows.

## DECISION

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). But a district court must permit a defendant to withdraw his plea at any time if "withdrawal is necessary to correct a manifest injustice," and may permit withdrawal before sentencing "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subds. 1, 2. Because Taylor brought his motion to withdraw

2

prior to sentencing, we apply the less demanding fair-and-just standard. Minn. R. Crim. P. 15.05, subd. 2; *Theis*, 742 N.W.2d at 646.

In determining whether plea withdrawal is fair and just, a district court must consider: (1) the reasons a defendant advances to support withdrawal and (2) any prejudice granting the motion would cause the state as a result of reliance on the plea. *State v. Raleigh*, 778 N.W.2d 90, 97 (Minn. 2010). The defendant has the burden to prove that a fair and just reason exists to withdraw his plea, and we review a district court's assessment of the reasons the defendant advances. *Id.* A district court's decision regarding plea withdrawal will be reversed only in the rare case in which the appellate court can fairly conclude that the [district] court abused its discretion." *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989).

Taylor argues that withdrawal is fair and just because his plea was involuntary and unintelligent because he received erroneous advice from his lawyer. Taylor advances no support for these assertions other than his own unsupported statements at sentencing that he did not understand the plea agreement and that his lawyer told him he would serve only 18 years, rather than the 20 years and 4 months contemplated in a 366-month prison commit. The record belies Taylor's contentions.

First, the record of the plea hearing supports the district court's determination that Taylor's guilty plea was voluntary and intelligent. The plea petition states that Taylor (1) understood the charges against him; (2) was represented by an attorney with whom he had fully discussed the charges, his constitutional rights, and the petition; and (3) agreed to a "366 month commit." Taylor acknowledged in court that he signed the petition after

reviewing it with his attorney and that he was satisfied with the amount of time he had had to discuss the case with his attorney. And he responded affirmatively to his attorney's inquiry: "So you understand you're going to ultimately be entering a plea to second degree murder, intentional, getting a 366-month commit, getting credit for all the time that you served?" The district court confirmed that Taylor had read the plea petition, and had no questions for the court or for his attorney. The district court then accepted Taylor's plea and ordered a presentence investigation.

Information obtained during the presentence investigation lends further support to the district court's denial of Taylor's plea-withdrawal request. During his interview, Taylor expressed dissatisfaction with the agreed-upon sentence, telling the probation officer that "a range of time between fifteen and eighteen years, with an actual ten to twelve years to serve, would have been more appropriate given that he was under the influence of alcohol at the time [he committed the murder]." Taylor did not tell the officer that he misunderstood his plea agreement as to the length of his sentence.

At sentencing, Taylor did not dispute the probation officer's report and acknowledged that he signed each page of the plea petition, which included a statement that the executed part of his sentence would be 366 months. But in contrast to his statement to the probation officer, Taylor told the district court that his attorney "said time served 18 years. And that's all I understood."

Taylor points out that he had previously turned down an identical plea offer and that, if he had understood he would receive a 30-year sentence, he would have rejected that offer again. We are not persuaded. The state extended the first plea offer before

4

Taylor was indicted for the more serious charge of first-degree murder. The fact that Taylor accepted the identical plea offer when faced with a lengthier sentence does not support the conclusion that he did not understand the offer he accepted.

Taylor next argues that his lawyer's silence in the face of Taylor's assertion against him supports plea withdrawal, citing *State v. Borg*, 806 N.W.2d 535 (Minn. 2011). This argument is unavailing. *Borg* involved a Fifth Amendment challenge to admission of evidence of the defendant's pre-*Miranda* silence. 806 N.W.2d at 543. No such issue is present here. This Fifth Amendment case is not relevant here, where it was his attorney's role to "step[] aside" while Taylor advanced the motion.

We also reject Taylor's argument that his responses to leading questions during the plea hearing do not establish that he understood the plea agreement. While our supreme court in *Raleigh* expressed disapproval of the practice of establishing the factual basis for a guilty plea through leading questions of a defendant, *Raleigh* does not stand for the proposition that leading questions are impermissible. 778 N.W.2d at 95. The supreme court concluded that Raleigh's plea was "sufficient, despite its disfavored format" because it satisfied the requirement that "a defendant does not plead guilty to a crime more serious than that of which he could be convicted if he elected to go to trial." *Id.* at 95-96.

Finally, Taylor relies on *State v. Paige*, 765 N.W.2d 134 (Minn. App. 2009), to argue that the district court should have rescheduled the plea-withdrawal hearing to permit Taylor to retain a different lawyer. Taylor's reliance on *Paige* is misplaced. In *Paige*, we concluded that the district court applied the incorrect legal standard when it

5

"took no action to clarify appellant's request to discharge counsel." 765 N.W.2d at 140. Taylor made no such request. And he provides no legal support for the proposition that his "assertion that his attorney misadvised him on the duration of his incarceration effectively communicated to the court that he wanted to discharge his former attorney." Our review of the record shows that the district court carefully considered Taylor's factual assertions and argument before making its ruling. *See Butala v. State*, 664 N.W.2d 333, 341 (Minn. 2003) (concluding that the fact defendant was not represented in his plea-withdrawal motion is not a fair-and-just basis for plea withdrawal).

In sum, we conclude that the district court did not abuse its discretion by determining that Taylor did not meet his burden of proving that withdrawal of his guilty plea is fair and just.[1]

**Affirmed.**

---

[1] Taylor also argues that he must be allowed to withdraw his plea "to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Because Taylor failed to carry his burden under the less demanding fair and just standard, his argument under the manifest-injustice standard fails.