*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1143**

State of Minnesota,
Respondent,

vs.

Sedne Bonitaz Williams,
Appellant.

**Filed May 16, 2016
Affirmed
Klaphake, Judge**[*]

Clay County District Court
File No. 14-CR-14-1949

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Pamela Harris, Assistant County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Melissa V. Sheridan, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Jesson, Presiding Judge; Kirk, Judge; and Klaphake, Judge.

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**KLAPHAKE**, Judge

Appellant challenges his convictions of two counts of first-degree criminal sexual conduct, arguing that he was deprived of his constitutional right to effective assistance of counsel when the district court failed to inquire into defense counsel's conflict of interest. Appellant also asserts that the district court erred by sentencing him on both convictions because Minn. Stat. § 609.035 (2014) prohibits multiple sentences for conduct arising out of a single behavioral incident. We affirm.

**D E C I S I O N**

**I.**

Appellant Sedne Bonitaz Williams argues that he was deprived of his constitutional right to effective assistance of counsel because his court-appointed attorney had represented the victim, A.S., at a juvenile court proceeding, and thus had a conflict of interest. A criminal defendant has the right to effective assistance of counsel; counsel is ineffective if (1) his or her performance is deficient, and (2) the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In addition to assistance of counsel, a criminal defendant has a Sixth-Amendment "right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 1103 (1981). According to Minn. R. Prof. Conduct 1.7(a),

> a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

> (1) the representation of one client will be directly adverse to another client; or
>
> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person, or by a personal interest of the lawyer.

For purposes of demonstrating ineffective assistance of counsel, "[a] lawyer's performance is deficient if he represents a client despite having a conflict of interest." *State v. Paige*, 765 N.W.2d 134, 140 (Minn. App. 2009).

A defendant who raises no objection at trial has the burden of demonstrating that defense counsel had a conflict that affected counsel's performance. *Id.* But "when an attorney informs the district court of a probable risk of conflict, and the court fails to take adequate steps to ascertain whether an impermissible conflict exists, the defendant's conviction must be reversed without inquiry into prejudice resulting from the alleged conflict." *Id.* at 140-41 (quotation omitted).

Here, after the jury was selected but before trial began, defense counsel informed the district court that he had briefly represented A.S. at one or two delinquency proceedings when he was assigned to courtroom duty and he had not recognized her name until he saw her father in the courthouse. His explanation suggests that he made a pro forma appearance as A.S.'s counsel and the matter was either resolved or handed over to a different attorney in the public defender's office. Defense counsel affirmed that this would not affect his ability to zealously represent Williams. The district court questioned Williams, who stated that he wanted defense counsel to proceed. Our review of the transcript confirms that

3

defense counsel was well-prepared, made pertinent objections, and cross-examined the state's witnesses, including A.S., thoroughly.

A theoretical or potential conflict is not sufficient to mandate reversal; instead, there must be "an actual conflict of interest . . . that affected counsel's performance – as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171, 122 S. Ct. 1237, 1243 (2002) (emphasis omitted) (quotation omitted). In *State v. Stephani*, the defendant was represented by a public defender; shortly before trial, appointed counsel discovered that another attorney in the same office had represented the victim in an unrelated criminal case. 369 N.W.2d 540, 549 (Minn. App. 1985), *review denied* (Minn. Aug. 20, 1985). This court concluded that "[t]he record fails to show an actual conflict of interest that deprived appellant of his Sixth Amendment right to counsel." *Id.* "[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance." *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 1719 (1980).

We are satisfied from our review of the record that no active conflict of interest prevented defense counsel from zealously representing Williams, and, therefore, he was not deprived of effective assistance of counsel.

**II.**

Williams argues that the district court erred by imposing sentences on both first-degree criminal sexual conduct convictions. Under Minn. Stat. § 609.035, subd. 1 (2014), "if a person's conduct constitutes more than one offense under the laws of this state, the person may be punished for only one of the offenses." An appellate court must determine

4

whether multiple offenses occurred during a single course of conduct, in which case a defendant may be sentenced for only one of the offenses. *State v. Jones*, 848 N.W.2d 528, 533 (Minn. 2014). "Whether a defendant's offenses occurred as part of a single course of conduct is a mixed question of fact and law." *Id.* We review the district court's findings for clear error and its application of law to the facts de novo. *Id.* The state has the burden of proving by a preponderance of the evidence that the actions underlying multiple offenses did not occur as part of a single behavioral incident or course of conduct. *State v. McCauley*, 820 N.W.2d 577, 591 (Minn. App. 2012), *review denied* (Minn. Oct. 24, 2012).

When a defendant has been found guilty of multiple intentional offenses,[1] a court considers whether (1) there is a unity of time and place; and (2) whether defendant's conduct was "motivated by an effort to obtain a single criminal objective." *State v. Bauer*, 792 N.W.2d 825, 828 (Minn. 2011) (quotation omitted). "The application of this test depends heavily on the facts and circumstances of the particular case." *Id.*

According to the record evidence, Williams spent several hours with A.S., whom he knew was 12 years old. Williams drove A.S. from Fargo, North Dakota, where he picked her up, to Dilworth, Minnesota, where he had her engage in oral sex while in his car. Williams then drove A.S. to an apartment in Moorhead, Minnesota, where the two visited Williams' friend and the friend's mother. During this visit, Williams and A.S.

---

[1] Criminal sexual conduct crimes are crimes of general intent: the defendant must intend to do the act that constitutes the crime. *State v. Hart*, 477 N.W.2d 732, 736 (Minn. App. 1991), *review denied* (Minn. Jan. 16, 1992); s*ee also State v. Wenthe*, 865 N.W.2d 293, 302 (Minn. 2015) (stating that "[g]enerally, criminal sexual conduct offenses require only an intent to sexually penetrate, unless additional mens rea requirements are expressly provided").

5

smoked marijuana; the length of the visit is not certain from the record, but it lasted at least 20-30 minutes and trial testimony suggests that the visit was longer than that. After leaving the apartment, Williams had sexual intercourse with A.S. in the car, which was parked inside a garage.

In *State v. Secrest*, 437 N.W.2d 683, 685 (Minn. App. 1989) (quotation omitted), *review denied* (Minn. May 24, 1989), this court concluded that in a case involving criminal sexual conduct, "[t]he conduct involved must be motivated by a desire to obtain a single criminal objective" and "[t]he offenses must occur at substantially the same time and place, arise in a continuous and uninterrupted course of conduct and manifest an indivisible state of mind." The conduct here does not share unity of time and place. The criminal acts were interrupted by the visit to Williams' friend's apartment, and although they occurred in Williams' car, the car was parked at different locations. Williams had a broad criminal objective: sexual activity with A.S., but his conduct escalated in seriousness over the course of time he spent with A.S. In *State v. McLemore*, 351 N.W.2d 927, 928 (Minn. 1984), the supreme court concluded that three acts of sexual contact with a child that occurred over the course of a weekend were not part of a single behavioral incident despite the unity of place and the relatively short time period. Likewise, the supreme court concluded that two incidents of sexual contact with the same victim occurring five hours apart but in the same place, were not a part of the same behavioral incident, reasoning that "neither act bore any essential relationship to the other." *State v. Stevenson*, 286 N.W.2d 719, 720 (Minn. 1979). The supreme court commented, "[T]he underlying purpose of [Minn. Stat.] § 609.035 is to prevent punishment which is disproportionate to the culpability of the defendant. Here, we

6

are satisfied that multiple punishment of defendant is not barred by the statute and is consistent with the purpose of the statute." *Id.*

We similarly conclude that Williams' conduct does not have the unity of time, place, and criminal objective that are the features of a single behavioral incident, and we therefore affirm.

**Affirmed.**