Richard Desmond JACKSON,
petitioner, Appellant,

v.

STATE of Minnesota, Respondent,

No. C3–82–921.

Supreme Court of Minnesota.

Jan. 28, 1983.

C. Paul Jones, Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is a sentencing appeal that comes to this court not directly but by way of appeal from the denial of postconviction relief. Unlike most of the appeals that we have had from the denial of postconviction relief, this one, like *Davis v. State,* 324 N.W.2d 802 (1982), is not by a petitioner seeking retroactive application of the Sentencing Guidelines but by a petitioner who committed his crime after May 1, 1980, and was sentenced pursuant to the Sentencing Guidelines. The issue is whether a dispositional and a durational departure were justified. We hold that a dispositional departure was justified but not a durational departure. Defendant's sentence is therefore reduced from 30 months to 1 year and 1 day in prison.

On February 7, 1981, just a few days after his 21st birthday, petitioner committed a burglary in violation of Minn. Stat. § 609.58, subd. 2(3) (1980). On April 14, 1981, he pleaded guilty and was released pending a presentence investigation.

On May 21 he committed another burglary. On June 23 the trial court sentenced him for the February 7 burglary. The presumptive sentence for this offense was 1 year and 1 day stayed based on the offense severity level (IV) and defendant's criminal history score (zero). The trial court departed both dispositionally and durationally, sentencing defendant to an executed term of 30 months in prison. The court filed a departure report, stating in part:

After the entry of a plea of guilty and after an order of this Court that the defendant should remain law abiding

pending the presentence investigation, the defendant was charged with committing another burglary. He admits in open court being at the scene of the burglary and that, again, it was his overindulgence in drugs and alcohol which caused him to violate the order of the Court and get into difficulty with another criminal matter.

The record would indicate that this defendant is a menace to society. He and his family have all agreed that he has a serious chemical dependency problem. The defendant stated in open court that he would not and could not change his ways unless some reasonably serious restraints were placed upon him so that he would get chemical dependency treatment and face up to his problem. Incarceration appeared to be the only solution to assisting this defendant and protecting the interests of society.

Subsequently, defendant pleaded guilty to the May 21 burglary and was sentenced by a different judge to 5 years' probation with the first year to be served in the workhouse and with the workhouse time running concurrently with the prison time imposed in connection with the February 7 burglary.

Having let the time pass for appealing directly from sentence or judgment of conviction, defendant's attorney filed a petition for postconviction relief challenging the dispositional and durational departures. The state argued then, as it does now, that the propriety of a sentencing departure can only be attacked on direct appeal. The trial court refused to dismiss the petition on this ground. In denying relief, the trial court reiterated what it said in the departure report. This appeal followed.

We reject the state's contention that a criminal defendant cannot attack a sentencing departure in a postconviction proceeding. *Davis v. State,* 324 N.W.2d 802 (Minn.1982), supports this conclusion. We further conclude that the trial court had grounds for a dispositional departure, given defendant's long juvenile record and his prior failures in treatment programs. *See generally State v. Trog,* 323 N.W.2d 28

(Minn.1982); *State v. Park,* 305 N.W.2d 775 (Minn.1981); *State v. Garcia,* 302 N.W.2d 643 (Minn.1981). However, we do not believe that the trial court had grounds for a durational departure. Factors such as prior failures in treatment and a defendant's drug use or dangerousness are factors which can be considered in determining whether to depart dispositionally but may not be considered as grounds for a durational departure. *Cf. State v. Hagen,* 317 N.W.2d 701 (Minn.1982). Accordingly, we affirm the dispositional departure but reduce the sentence duration to 1 year and 1 day.

Affirmed as modified.