**STATE of Minnesota, Respondent,**

v.

**Dennis Gale CHASE, Appellant.**

**No. CX–83–1882.**

Court of Appeals of Minnesota.

Feb. 1, 1984.

James R. Forsythe, Streater, Murphy, Gernander, Beerling & Forsythe, Winona, for appellant.

James A. Fabian, Asst. County Atty., Winona, for respondent.

Heard, considered and decided by PARKER, P.J., and LANSING and WOZNIAK, JJ.

## OPINION

PARKER, Judge.

This is a sentencing appeal by a criminal defendant attacking a dispositional and durational departure from the sentencing guidelines.

Dennis Chase pled guilty to two counts of criminal sexual conduct in the second degree, Minn.Stat. § 609.343(a) (1980) (sexual contact with complainant under 13 years of age by actor who is more than 36 months older). Since he had a criminal history score of zero, the presumptive sentence for the first offense was 21 months stayed, and for the second offense, 26 months stayed.

The trial court followed the sentencing guidelines for the first offense, but imposed a 42 month executed sentence for the second offense. We affirm the dispositional departure, but remand for sentencing in keeping with the presumptive duration established by the sentencing guidelines.

Defendant is a 29-year-old homosexual pedophile who was arrested when he was 14 for molesting younger boys. Since then he admits to having had sexual contacts with approximately 15 boys.

His current convictions stemmed from an incident in the shower room of a YMCA involving defendant and two boys, ages 6 and 12. He was observed stripping the boys and himself, and then washing the boys and rubbing their penises and genitals. Chase met the boys through volunteer work in a local program.

Chase underwent pre-sentencing psychological evaluations at the Hiawatha Valley

Mental Center and St. Peter's State Hospital. Both evaluations indicated that he is a poor candidate for rehabilitation because of the "chronicity involved in this case, the defendant's massive use of denial and minimization and his apparent resistance to change."

 The trial court offered four reasons for its departures from the presumed sentence:

1. The victims were particularly vulnerable due to their age and Chase's position of authority over them.
2. Chase is a pattern pedophile with a history of similar sex offenses not reflected in his criminal history score.
3. He is likely to continue his pattern of sexual abuse.
4. He is unamenable to treatment upon which probation would necessarily be conditioned.

The first two reasons can not be used to justify either the dispositional or durational departure from the sentencing guidelines. The last two, which go to Chase's amenability to probation, justify the dispositional, but not the durational departure.

 As stated in *State v. Hagen*, 317 N.W.2d 701, 703 (Minn.1982):

* * * generally the victim's vulnerability due to age cannot be relied upon as an aggravating factor when [as here] the victim's vulnerability due to age has already been taken into account by the legislature in determining the elements of the offense.

&ast; &ast; &ast; &ast; &ast; &ast;

Whether he used his relationship with the victim to facilitate the commission of the offense is one of the factors relied upon in determining the degree of the seriousness of a sex offense and which therefore should not be available for use in determining whether to depart.

 Likewise, Chase's prior uncharged sex offenses cannot be used to justify a departure from the sentencing guidelines. To do so would amount to sentencing him improperly for crimes of which he has not been convicted. *See State v. Peterson*, 329 N.W.2d 58, 60 (Minn.1983); *State v. Brusven*, 327 N.W.2d 591, 593–94 (Minn.1982).

 The trial court could properly rely upon Chase's prospects for treatment and the likelihood that he will continue to sexually abuse children in deciding to depart dispositionally from the guidelines. Both factors bear upon Chase's amenability to probation.

 The Minnesota Supreme Court has held that unamenability to probation is an aggravating circumstance which may justify dispositional, but *not* durational departures from the sentencing guidelines. *Jackson v. State*, 329 N.W.2d 66, 67 (Minn. 1983); *Hagen*, 317 N.W.2d at 703. Factors such as prior failures in treatment and a defendant's drug use or dangerousness can be considered in determining whether to make a dispositional departure. *Jackson*, 329 N.W.2d at 67.

This case is virtually identical to *Hagen*, in which the court upheld a dispositional departure because of the defendant's unamenability to probation. Hagen, like Chase, was charged with second degree criminal sexual conduct. Both exhibited deviant sexual behavior involving younger children when they were adolescents. Both were diagnosed as pedophiles who were poor candidates for treatment because of their unwillingness to admit their problem and their resistance to treatment. Medical experts concluded that both were likely to continue sexually abusing children. Pre-sentence investigators in both cases recommended dispositional, but not durational departures from the guidelines.

Chase argues that his case is distinguishable from *Hagen* because in *Hagen* there was "objective evidence" of unamenability to probation which is lacking here. He urges us to hold that unamenability to probation must be proved by objective failures of treatment, rather than by subjective psychological evaluations, such as those relied upon in his case.

 The Minnesota Supreme Court has never limited evidence of unamenability of

probation to prior objective failures. In *State v. Womack*, 319 N.W.2d 17, 19 (Minn. 1982), the court held that each case must be considered on its own. Factors bearing on the determination include anything relevant to the issue not excluded from consideration by the guidelines.

In *State v. Park*, 305 N.W.2d 775, 776 (Minn.1981), the court relied in part upon the recommendation of a probation officer and the defendant's refusal to accept that he had a problem or needed treatment in affirming a dispositional departure.

Finally, in *Hagen*, the court relied upon psychological reports and a pre-sentence investigator's recommendations in affirming a dispositional departure from the guidelines. *Hagen*, 317 N.W.2d at 702–3.

■ Chase has refused to accept that he has a serious problem requiring treatment. Medical experts have determined that he is unamenable to treatment and that without it he poses a danger to children. His pre-sentence investigator recommended incarceration. We hold that this record is sufficient to support the trial court's finding that Chase is unamenable to probation and that some prison time is needed.

Affirmed in part, reversed in part, remanded for resentencing in conformity with this opinion.