**STATE of Minnesota, Appellant,**

v.

**David William CASE, Respondent.**

**No. C9-84-216.**

Court of Appeals of Minnesota.

June 26, 1984.

Thomas L. Johnson, Hennepin County Atty., Beverly Wolfe, Asst. County Atty., Minneapolis, for appellant.

William R. Kennedy, Hennepin County Public Defender, Peter W. Gorman, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

The State of Minnesota appeals from the trial court's dispositional departure from a presumptive sentence of forty-three months imprisonment on a plea of Criminal Sexual Conduct in the first degree. The court stayed execution of the sentence, placing defendant David Case on five years probation conditioned on one year in the workhouse with a furlough to treatment when appropriate. We affirm.

## FACTS

On July 24, 1983, Case, while intoxicated, sexually assaulted his sixteen year old sister-in-law in his home, causing a vaginal tear requiring surgery. A sentence investigation and psychological examination disclosed a long history of chemical dependency. Case had gone through a treatment program and quit using chemicals for one year, but then returned to the use of alcohol. Case had been sexually, physically and emotionally abused as a child. The psychologist and probation officer recommended probation and treatment. The record does reflect that the probation officer, the court psychologist and three other individuals were present in court at the time of sentencing. These last three individuals appeared at the request of defense counsel to speak to the court about defendant. The court evidently did not deem it necessary to hear any additional testimony on behalf of defendant. The trial court stayed execution of a presumptive forty-three month sentence, sentenced Case to five years probation, conditioned upon one year in the workhouse with a furlough to treatment.

## ISSUE

Whether the trial court abused its discretion by staying execution of sentence when the presumptive sentence indicated commitment.

## ANALYSIS

The trial court explained its sentence disposition as follows:

> Defendant would appear to be not only particularly amenable to treatment but unless this occurs within a relatively brief time would appear to be a far greater rosk (sic) upon ultimate release.

This explanation appears to be based upon the following part of the psychological evaluation made of Case which the court chose to include verbatim in his departure report.

> Mr. Case appears highly motivated to change and has not had an opportunity in the past to deal with the facts nor implications of his early life, nor his effect on others. Extended treatment, perhaps at Nexus because of their emphasis on "raising" damaged youths as well as dealing with their criminal behavior, should be tried. Addressing his inability to form intimate relationships as well as the "tension" he describes should reduce the need for the effects of alcohol. It goes without saying that drinking should be permanently forbidden, and given his tested ability to control impulses, that is a reasonable expectation.

Although the sentencing guidelines include a non-exclusive list of mitigating factors for departure, none apply to this sentencing. Minnesota Sentencing Guidelines II.D.2. and commentary (1983). However, "[t]he factors cited are illustrative and are not intended to be an exclusive or exhaustive list of factors which may be used as reasons for departure." Minnesota Sentencing Guidelines II.D.201 comment (1983). In addition, Case's crime is ranked at the eighth (VIII) offense severity level on a sentencing guideline's offense severity table of ten severity levels, ranking below only the crimes of murder and adulteration (resulting in death).

■ On the other hand, there is authority for dispositional departures when there is any substantial basis for it. *State v. Wright*, 310 N.W.2d 461 (Minn.1981). Each case is considered on its own, and the court may consider any relevant factors, *State v. Chase*, 343 N.W.2d 695, 698 (Minn.Ct.App. 1984), including age, prior record, remorse, cooperation, attitude in court and family support. *State v. Trog*, 323 N.W.2d 28, 31 (Minn.1982). Another factor is a defendant's particular amenability to individualized treatment in a probationary setting. *Id.* The court may consider a defendant's prior failures at treatment or unwillingness to admit the existence of a problem. *Jackson v. State*, 329 N.W.2d 66 (Minn.1983); *State v. Hagen*, 317 N.W.2d 701 (Minn. 1982); *State v. Chase*, 343 N.W.2d 695 (Minn.Ct.App.1984). It is reasonable to conclude that the treatment recommended for defendant here encompasses far more than treatment of his chemical dependency.

With these factors in mind, what evidence about Case did the trial court have in its possession prior to sentencing?

The trial court leaned heavily on the recommendations of the Hennepin County probation officer and the court psychologist, both of whom agreed that Case appeared "amenable to treatment". The probation officer suggested probation under certain conditions. The court psychologist advised the court that "there seems to be good reasons for deviating from the sentencing guidelines in this case."

The State argues that the defendant must not only be particularly amenable to treatment in a probationary setting but particularly unamenable to incarceration and that there must be an adequate factual basis to support such a finding. *See Trog*, 323 N.W.2d at 31. It asks, properly so, exactly where is the line of departure in dispositional departures?

■ There is no exact line of departure. The sentencing court, in exercising its discretion, may go beyond the facts of any particular case and draw upon its own past experiences in other sentencing matters.

The sentencing court found a substantial and compelling circumstance to depart dispositionally from the presumptive sentence of commitment in concluding that (Case) "would appear to be a far greater rosk (sic) upon ultimate release", unless treatment occurred within a relatively brief time.

 This court may have acted otherwise had it been sitting as a sentencing court. As a reviewing court, however, we are loath to interfere in the absence of an abuse of the discretion granted in departing dispositionally from the guidelines. The only expert testimony on Case's amenability to treatment was positive. No contrary testimony appeared. We cannot say the trial court abused its discretion or that the reasons stated by the court were insufficient to justify the dispositional departure.

### DECISION

The trial court did not abuse its discretion in granting a dispositional departure to probation and treatment.

Affirmed.

WOZNIAK, Judge, dissenting.

I respectfully dissent. Under the Sentencing Guidelines, "substantial and compelling circumstances" must be present if the trial court is to depart dispositionally from the presumptive sentence and place defendant on probation.

The nonexclusive list of mitigating factors are all inapplicable to the facts of this case. Minnesota Sentencing Guidelines § II.D.103(2)(a).

Further, our Supreme Court has stated: A trial court sentencing a defendant for criminal sexual conduct may depart dispositionally from the presumptive sentence and place the defendant on probation *only* if the defendant is *particularly* amenable to probation or if offense-related mitigating circumstances are present.

*State v. Love,* 350 N.W.2d 359, 361 (Minn. 1984) (emphasis added.)

Neither condition is present in this record. Defendant has not demonstrated by his actions that he is *particularly* amenable to probation.

The record further discloses no mitigating circumstances. The opposite conclusion is warranted. I would reverse and remand for sentencing pursuant to the Sentencing Guidelines.