*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2333**

State of Minnesota,
Respondent,

vs.

Kai Yang,
Appellant.

**Filed October 14, 2014
Affirmed
Halbrooks, Judge**

Ramsey County District Court
File No. 62-CR-12-7941

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Chelsie Willett, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Halbrooks, Judge; and Ross, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

On appeal from his conviction of third-degree criminal sexual conduct, appellant argues that (1) the district court erred by denying appellant's presentence motion to

withdraw his guilty plea, (2) appellant was denied effective assistance of counsel because his defense counsel had a conflict of interest when arguing the motion to withdraw the guilty plea, and (3) the district court abused its discretion by denying appellant's motion for a downward dispositional departure. We affirm.

## FACTS

Appellant Kai Yang entered a guilty plea to one count of third-degree criminal sexual conduct in violation of Minn. Stat. § 609.344, subd. 1(c) (2012). During the plea hearing, Yang's counsel advised him of the rights he was waiving by entering the guilty plea and confirmed that Yang understood that he would be bound by the terms of the agreement. Yang stated that no one promised him anything other than the terms of the agreement as stated in the plea petition and that no one forced or bribed him to plead guilty. Yang's counsel informed Yang on the record at the plea hearing that he would be subject to a ten-year conditional-release term and that he would be required to register as a sex offender for ten years. As part of the plea, the parties agreed that they would argue the terms of the sentence at the sentencing hearing.

Prior to sentencing, Yang's counsel informed the district court and the state that Yang wished to withdraw his guilty plea, stating that Yang was adamant that he was not guilty, he felt he did not understand the full consequences of pleading guilty, and he felt he had been pressured into accepting the plea agreement. The district court continued the sentencing hearing so that the parties could submit memoranda on the motion to withdraw the guilty plea.

When the parties appeared for sentencing and to be heard on the motion to withdraw the plea, Yang's counsel argued for the motion to withdraw the plea. Yang's counsel stated that Yang's family members had coerced him into pleading guilty and that it was possible that Yang, a Hmong speaker, did not understand the full consequences of pleading guilty because of the language barrier. Yang had proceeded through the legal process with the assistance of an interpreter, but his counsel stated that he found it difficult to explain the legal system to Yang in his own language, and it was possible that Yang did not agree to the plea. Yang's counsel also submitted an affidavit from Yang in support of his motion to withdraw his guilty plea. In the affidavit, Yang stated that he made the plea without knowing all of the possible consequences, he did not believe that he was guilty of the crime, and his relatives pressured him into taking the plea. The state argued that Yang's counsel went through the plea petition with Yang in detail at the plea hearing, he had ample time to discuss his options with his attorney, he acknowledged on the record that he understood he would be bound by the terms of the plea petition, and he affirmed that no one forced him to accept the offer.

The district court found that Yang entered a "counseled plea" and that he had many opportunities to speak with his attorney. The district court stated that it allowed a recess during the plea hearing so that Yang could seek clarification from his counsel. The district court considered Yang's argument that his family coerced him to enter the guilty plea but also acknowledged that Yang stated at the plea hearing that no one had forced or coerced him into pleading guilty. The district court found that Yang did not meet his burden to withdraw his plea under the manifest-injustice standard.

3

Next, the district court read into the record the fair-and-just standard of Minn. R. Crim. P. 15.05, which governs plea withdrawals, and acknowledged that it must give due consideration to (1) the reasons advanced by Yang and (2) potential prejudice to the state if the district court granted the plea-withdrawal motion. But the district court did not explicitly apply the fair-and-just standard to the motion. The district court denied the motion to withdraw the guilty plea and proceeded to sentencing.

Yang then requested a downward dispositional departure. Yang argued that (1) he provided financial support to his family, (2) he would do well in treatment, (3) he had little criminal history, and (4) he would remain law-abiding. The state argued that Yang's reluctance to take responsibility for his actions, as well as the recommendation in the presentence investigation (PSI) report, weighed against a downward departure. The district court denied the motion for the downward dispositional departure, stating that Yang's actions indicated that he would not do well in treatment and that he was angry and posed a safety risk to the victim and their children.

The district court sentenced Yang to the custody of the commissioner of corrections for a term of 48 months, credit for 24 days served, followed by a ten-year conditional release, and lifetime predatory-offender registration. This appeal follows.

## DECISION

### I.

The first issue Yang raises on appeal is whether the district court abused its discretion by denying his presentence motion to withdraw his guilty plea without giving due consideration under the fair-and-just standard to the reasons advanced by Yang in

4

support of the motion. A defendant does not have an absolute right to withdraw a guilty plea. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). Withdrawal is appropriate in two circumstances. First, a district court must allow a defendant to withdraw his plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Second, a district court may permit withdrawal before sentencing "if it is fair and just to do so." Minn. R. Crim. P. 15.05, subd. 2; *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). In his motion to withdraw, Yang did not indicate whether he sought withdrawal under the manifest-injustice or the fair-and-just standard. But Yang brought his motion to withdraw prior to sentencing; so on appeal he argues that the district court erred in only considering the manifest-injustice standard and not giving due consideration to whether it would be "fair and just" to permit him to withdraw his plea.

## A.     Manifest-Injustice Standard

While Yang raises the issue under the fair-and-just standard, he first argues that his plea was invalid because it was involuntary and unintelligent. If a plea is invalid, the manifest-injustice standard requires withdrawal. Minn. R. Crim. P. 15.05, subd. 1; *see also Theis*, 742 N.W.2d at 646 (examining manifest injustice as a threshold matter although the appellant only raised the fair-and-just standard on appeal). We review the denial of a motion to withdraw a guilty plea under the manifest-injustice standard de novo as a question of law. *Raleigh*, 778 N.W.2d at 94. There are three requirements for a valid plea: "it must be accurate, voluntary and intelligent." *Theis*, 742 N.W.2d at 646 (quoting *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994)).

Yang argues that his family coerced him into pleading guilty by giving him an ultimatum: if he did not accept the plea, his family would stop providing financial assistance that Yang needed to pay his attorney. To find a plea to be involuntary due to coercion, the record must unequivocally support a finding that the coercion resulted in "overbearing the will of the defendant." *Sykes v. State*, 578 N.W.2d 807, 813 (Minn. App. 1998), *review denied* (Minn. July 16, 1998). The only statements in the record that support Yang's coercion argument are his own statements in his affidavit and the arguments advanced by his counsel. We conclude that the record does not support a conclusion that Yang's will was overborne by family pressures.

Next, Yang argues his plea was not intelligent because he did not fully understand the terms of his plea agreement. "The intelligence requirement ensures that a defendant understands the charges against him, the rights he is waiving, and the consequences of his plea." *Raleigh*, 778 N.W.2d at 96 (citing *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983)). "'Consequences' refers to a plea's direct consequences, namely the maximum sentence and fine." *Id.* If promises regarding the consequences a defendant will face by pleading guilty induce a plea and those promises cannot be fulfilled, then the plea is invalid. *See State v. Jumping Eagle*, 620 N.W.2d 42, 43 (Minn. 2000) ("Inducement of a guilty plea by promises that cannot be fulfilled invalidates the plea . . . .").

Yang supports his unintelligent-plea argument in his affidavit to the district court by stating that he did not learn that he would be imprisoned for 48 months until he participated in the PSI. But the record amply supports the conclusion that Yang entered an intelligent plea. Yang signed the plea petition, which states that the maximum penalty

6

for the crime is imprisonment for 15 years and requires predatory registration and a period of conditional release. The plea petition does not guarantee a probationary sentence or state that the parties have agreed to particular terms of the sentence. Further, during the plea hearing, the parties stated that they would argue the sentence at the sentencing hearing.

The only indication in the record that his attorney promised him a probationary sentence is from Yang's own statements in the PSI and in his affidavit. The signed plea petition negates Yang's argument that he did not understand the consequences of his plea. Because of the lack of support in the record for coercion and because the plea petition supports the finding that the plea was intelligent, we conclude that Yang has not shown that his plea was involuntary or unintelligent under the manifest-injustice standard.

**B.      Fair-and-Just Standard**

Yang argues that the district court erroneously applied only the manifest-injustice standard and did not consider his motion to withdraw the plea under the fair-and-just standard. "[T]he 'ultimate decision' of whether to allow withdrawal under the 'fair and just' standard is 'left to the sound discretion of the [district] court, and it will be reversed only in the rare case in which the appellate court can fairly conclude that the [district] court abused its discretion.'" *State v. Kaiser*, 469 N.W.2d 316, 320 (Minn. 1991) (quoting *Kim v. State*, 434 N.W.2d 265, 266 (Minn. 1989)). The fair-and-just standard "requires district courts to give 'due consideration' to two factors: (1) the reasons a defendant advances to support withdrawal and (2) prejudice granting the motion would cause the [s]tate given reliance on the plea." *Raleigh*, 778 N.W.2d at 97 (quoting *Kim*,

7

434 N.W.2d at 266). A defendant bears the burden of advancing fair-and-just reasons to support withdrawal. *State v. Lopez*, 794 N.W.2d 379, 382 (Minn. App. 2011). In addition, the fair-and-just reasons must be supported by the record. *Raleigh*, 778 N.W.2d at 97. "[D]efendants may not withdraw their guilty pleas for simply any reason before a sentence is imposed." *State v. Farnsworth*, 738 N.W.2d 364, 372 (Minn. 2007). The district court abuses its discretion if it fails to engage in the correct analysis under the fair-and-just standard. *State v. Cubas*, 838 N.W.2d 220, 224 (Minn. App. 2013), *review denied* (Minn. Dec. 31, 2013).

First, we review the district court's consideration of Yang's reasons for withdrawal. *Raleigh*, 778 N.W.2d at 97. Yang advanced the following arguments in his affidavit as well as through his counsel at the sentencing hearing: (1) he made the plea without knowing all of the possible consequences because he did not know that he would have to register for life as a sex offender and he believed he would receive a probationary sentence; (2) he pleaded guilty because he felt pressure from his relatives to take the plea; and (3) he does not believe that he is guilty of the crime.

In denying the motion to withdraw, the district court found that Yang made a counseled plea, citing the many opportunities that he had to speak with his attorney and the long and thorough plea hearing. Yang argues that his attorney failed to advise him of the possible consequence of a prison sentence. But the plea petition demonstrates that Yang knew that a probationary sentence was not guaranteed. The Minnesota Supreme Court has concluded that an appellant's "claim that he was promised probation by defense counsel was negated by the petition he signed, by the statements he made at the

8

time he entered his plea . . . . Clearly, therefore, the [district] court was justified in finding that no such promise had been made." *Trott*, 338 N.W.2d at 252. Here, we recognize the difficulties imposed by the language barrier between Yang and his attorney, but the record does not support a conclusion that the district court abused its discretion in finding that Yang knew the possible consequences of the plea. *See Raleigh*, 778 N.W.2d at 97 (noting that the appellant failed to provide evidentiary support for his fair-and-just reasons for withdrawal and denying the motion to withdraw the guilty plea).

The district court also considered Yang's argument that his family members coerced him into pleading guilty. The district court rejected Yang's coercion argument, finding that Yang stated during his plea hearing that he had not been forced or coerced into entering the guilty plea. The only indication in the record to support the argument that Yang's family coerced him is his own affidavit and his counsel's arguments. Yang contradicted his affidavit when he stated during the plea hearing that he had not been forced or coerced into pleading guilty. Therefore, the district court did not abuse its discretion in finding that Yang's coercion argument provided no fair-and-just basis for withdrawal. *See id.* (noting that the reasons must be supported by the record).

Lastly, the district court considered Yang's argument that his plea should be withdrawn because he does not believe that he is guilty. The district court acknowledged that Yang had been reluctant to accept his role in the case, but it found that he ultimately admitted to a sufficient factual basis in the plea hearing to establish the elements of third-degree criminal sexual conduct. Thus, the district court had a sufficient basis to find, in its discretion, that this was not a fair-and-just reason to warrant withdrawal.

Under the second prong of the fair-and-just standard, we review the district court's assessment of potential prejudice to the state if the district court granted the plea-withdrawal motion. *Id*. at 98. The district court acknowledged that "it would be a manifest injustice to the state if the state in fact were required to reconstruct the case and to go forward with the trial." The district court reasoned that the case was almost a year old and the delays were not caused by the state's actions. Even though these comments were made while the district court discussed the manifest-injustice standard, this reasoning also applies to the second prong of the fair-and-just standard. In addition, the district court does not have to consider the second prong if the defendant fails to present any credible reasons for fair-and-just withdrawal. *Id.* After discussing the trauma experienced by the victim and Yang's prior convictions, the district court denied the motion to withdraw the plea and moved forward with sentencing.

While the district court did not explicitly consider Yang's reasons for withdrawal under the fair-and-just standard, it did read the fair-and-just standard subdivision of the rule, Minn. R. Crim. P. 15.05, subd. 2, and gave due consideration to Yang's reasons for withdrawal. The plea-hearing transcript is unclear because the district court uses the term "manifest injustice" instead of "fair and just" after reading the fair-and-just rule. It is possible that the district court misspoke when it referenced "manifest injustice" after turning to the fair-and-just standard. Regardless, we conclude that the district court gave due consideration to Yang's reasons for withdrawal under both standards. Despite the fact that the district court did not explicitly go through Yang's reasons for withdrawal or the prejudice to the state a second time under the fair-and-just standard, the record

10

supports the conclusion that the district court engaged in a proper legal analysis by giving due consideration to Yang's reasons for withdrawal and any potential prejudice to the state. Therefore we conclude that the district court properly exercised its discretion by denying Yang's motion to withdraw his guilty plea.

**II.**

The second issue is whether Yang's attorney provided ineffective assistance of counsel due to a conflict of interest while arguing Yang's motion to withdraw his guilty plea at the sentencing hearing. Ineffective-assistance-of-counsel claims involve mixed questions of law and fact, which we review de novo. *Carney v. State*, 692 N.W.2d 888, 890-91 (Minn. 2005).

The Sixth Amendment entitles a criminal defendant to effective assistance of counsel, including the right to "representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271, 101 S. Ct. 1097, 1103 (1981). "A lawyer's performance is deficient if he represents a client despite having a conflict of interest." *State v. Paige*, 765 N.W.2d 134, 140 (Minn. App. 2009). A conflict of interest arises if "there is a significant risk that the representation of one or more clients will be materially limited . . . by a personal interest of the lawyer." Minn. R. Prof. Conduct 1.7(a)(2). An appellant's burden in advancing a claim of ineffective assistance of counsel due to a conflict of interest "depends on whether and to what extent the alleged conflict was brought to the [district] court's attention." *Cooper v. State*, 565 N.W.2d 27, 32 (Minn. App. 1997), *review denied* (Minn. Aug. 5, 1997). An appellant who does not raise the conflict-of-interest issue at the district court "must demonstrate that defense counsel

'actively represented conflicting interests' and this conflict 'adversely affected [the] lawyer's performance.'" *Id.* (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 348, 350, 100 S. Ct. 1708, 1718, 1719 (1980)).

Yang did not raise the issue of ineffective assistance of counsel or conflict of interest at the district court. Thus, Yang must show that the defense counsel "actively represented conflicting interests" and the conflict "adversely affected" his performance. Yang argues that his counsel had a conflict of interest in his representation when he sought to withdraw his guilty plea due to his attorney's misleading statements regarding a probationary sentence. Yang argues that his counsel had a conflict of interest between advocating for Yang's interests (i.e., that he misled Yang regarding the sentence that would be imposed) and for his own personal interests (i.e., that his representation was not deficient). He argues that this conflict of interest "adversely affected" his representation by undermining his coercion and unintelligent-plea arguments because his counsel denied that he coerced Yang or promised him a probationary sentence.

In *Butala v. State*, the Minnesota Supreme Court affirmed the denial of a plea-withdrawal motion even though the appellant's attorneys "declined to speak in support of the motion" at the sentencing hearing. 664 N.W.2d 333, 337 (Minn. 2003). The supreme court acknowledged that "the better procedure would have been to afford substitute counsel for purposes of making the motion" but concluded that the district court gave the appellant's motion serious consideration and therefore affirmed the district court's determination. *Id.* at 341.

12

Here, Yang's counsel did not argue that he gave Yang misleading information, but he did advance the family-coercion argument and argued that Yang did not understand the full consequences of his guilty plea. His counsel also submitted Yang's affidavit to the court, which stated his attorney had informed him that he could receive a probationary sentence. Yang argues that his counsel phrased his affidavit in such a way so as not to admit ineffective assistance of counsel. But the record demonstrates that Yang signed the affidavit, swearing to its truth, thus diminishing the power of this argument. Like in *Butala*, the better procedure here may have been for his counsel to step aside and allow Yang to seek substitute counsel to argue the ineffective-assistance-of-counsel claim, but this is not dispositive of the issue. Yang's counsel advocated on his behalf and thoroughly argued the motion at the sentencing hearing. And the district court gave serious consideration to the reasons advanced by Yang for plea withdrawal.

In his pro se supplemental brief, Yang contends for the first time that his attorney told him to lie and say "yes" to all the questions in the plea petition and during the plea hearing. We find no support for this assertion in the record. If true, this contention would raise a concern since "advising a client to lie under oath is a serious offense." *In re Disciplinary Action Against Knutson*, 711 N.W.2d 807, 810 (Minn. 2006). But a party's "sworn duty to tell the truth, as directed by the oath, is too fundamental and obvious an obligation to be dismissed by contrary advice to violate it, even if suggested or encouraged by her attorney." *Anderson v. State*, 746 N.W.2d 901, 907 (Minn. App. 2008). While we reiterate that this allegation is unsupported, even if true, Yang swore to tell the truth during his plea hearing. And that oath supersedes any advice he may have

13

received from his attorney. Yang has not shown that his counsel actively represented conflicting interests and that any conflict adversely affected his representation.

**III.**

The final issue on appeal is whether the district court abused its discretion by denying Yang's motion for a downward dispositional departure without deliberately considering the factors for and against departure. We review a district court's refusal to depart from the sentencing guidelines for an abuse of discretion. *State v. Bertsch*, 707 N.W.2d 660, 668 (Minn. 2006).

"Departures from the presumptive sentence are justified *only* when substantial and compelling circumstances are present in the record." *State v. Jackson*, 749 N.W.2d 353, 360 (Minn. 2008). We affirm imposition of a presumptive sentence when "the record shows [that] the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Johnson*, 831 N.W.2d 917, 925 (Minn. App. 2013) (quotation omitted), *review denied* (Minn. Sept. 17, 2013). We do not usually interfere with a sentence falling within the presumptive guidelines "even if there are grounds that would justify departure." *Bertsch*, 707 N.W.2d at 668 (quotation omitted). "It would be a rare case which would warrant reversal of the refusal to depart." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

The appropriateness of a dispositional departure "depends on the defendant as an individual and on whether the presumptive sentence would be best for him and for society." *State v. Heywood*, 338 N.W.2d 243, 244 (Minn. 1983). The district court must "deliberately consider[]" the factors that the defendant offers in support of a motion for a

14

downward dispositional departure before rejecting the motion. *State v. Curtiss*, 353 N.W.2d 262, 264 (Minn. App. 1984). But when the district court imposes a presumptive sentence, it is not required to explain its reasons. *Johnson*, 831 N.W.2d at 925. Further, reversal is not warranted merely because we may have reached a different conclusion. *State v. Case*, 350 N.W.2d 473, 476 (Minn. App. 1984).

Here, Yang argued at the sentencing hearing for a downward dispositional departure. He contended that his job enabled him to pay child support and financially support the victim and that if he were incarcerated, he would lose his job. He also argued that he would be a good candidate for rehabilitative programs. Yang submitted two recommendations to the district court demonstrating that he is well-liked by his co-workers. Lastly, Yang argued that he has little criminal history and he would continue to be law-abiding on probation. The state argued for a sentence consistent with the recommendation by probation in the PSI and expressed concern based on Yang's reluctance to take responsibility for his actions. The district court asked Yang if he wanted to make a personal statement to the court, and Yang stated that the victim committed adultery, stole his money, and threatened him.

The district court considered the arguments advanced by the parties, stating that a current order for protection against Yang indicates threatening and stalking behavior and that Yang's statement to the district court did not help him. The district court found that he had not given the district court "any substantial and mitigating circumstances" upon which to base a departure. *See State v. Van Ruler*, 378 N.W.2d 77, 80 (Minn. App. 1985) (stating that the district court has discretion to depart when substantial and compelling

15

circumstances are present). The district court denied the motion for a downward dispositional departure.

Because the district court deliberately considered the factors presented by Yang before its ruling, we affirm the district court's denial of the motion for a downward dispositional departure.

**Affirmed.**